**Sandra R. WORSHAM and Walter J. Worsham, III, Plaintiffs-Appellees, Cross-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellant, Cross-Appellee.**

**No. 86–8907**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Oct. 5, 1987.

Hinton R. Pierce, U.S. Atty., Kenneth C. Etheridge, Asst. U.S. Atty., Savannah, Ga., for defendant-appellant, cross-appellee.

L.E. Maioriello, Edw. B. Stalnaker, Cooper, Maioriello & Stalnaker, P.C., Augusta, Ga., for plaintiffs-appellees, cross-appellants.

Before KRAVITCH, JOHNSON and EDMONDSON, Circuit Judges.

PER CURIAM:

This appeal concerns several issues relating to plaintiffs-appellees' action under 28 U.S.C. sec. 2671, *et seq.,* the Federal Tort Claims Act. Following a bench trial on plaintiffs' negligence and malpractice claims, the district court found against plaintiffs, Sandra and Walter Worsham, and in favor of defendant-appellant, the

United States. Nevertheless, the court entered an order directing that the United States pay the plaintiffs' court costs, excluding attorneys' fees. This appeal and cross-appeal followed. Today we uphold the district court's findings and conclusion on plaintiffs' cause of action; but we must reverse the court's award of costs to plaintiffs.

In September 1982 a family physician referred Sandra Worsham, wife of Sergeant First Class Walter Worsham, to Jerry Cole, who worked as an Alcohol & Drug Abuse Prevention and Control Program counselor with the Dwight David Eisenhower Army Medical Center at Fort Gordon, Georgia. After conducting an initial referral interview, Mr. Cole admitted Mrs. Worsham to the program and began counseling her on a weekly basis. Mr. Cole secretly began to socialize with Mrs. Worsham; they had sexual intercourse once in Mr. Cole's office and then numerous sexual liaisons occurred outside the office until February 1984.[1] Mrs. Worsham underwent two abortions during this period, apparently at the urgings of Mr. Cole.

After exhausting their administrative claims, the Worshams commenced this action in the United States District Court for the Southern District of Georgia seeking money damages under the Federal Tort Claims Act, 28 U.S.C. sec. 2671, *et seq.; id.* sec. 1346(b). Essentially, the Worshams

alleged that Mr. Cole committed malpractice and negligently treated Mrs. Worsham; that U.S. government personnel at the hospital failed to supervise Mr. Cole properly;[2] and that, as a result, Mrs. Worsham suffered physical and emotional damages and Mr. Worsham suffered from lost consortium.

Following a bench trial, the district court found in favor of the United States. In so ruling the court made a key fact determination: that the relationship between Mr. Cole and Mrs. Worsham did not constitute part of any treatment plan and instead resulted from private, mutual consent and attraction. Consequently, Mrs. Worsham could not recover under a malpractice or negligence theory.[3] While ruling in favor of the United States, the district court awarded costs—but not attorneys' fees—to plaintiffs.[4] The United States appeals and contests the district court's authority to do so.[5]

We must apply a strict standard of review to plaintiffs' issue on appeal. Federal Rule of Civil Procedure 52(a) provides the relevant "clearly erroneous" standard, which the Supreme Court has described as follows:

> If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the

---

1. Mr. Cole closed and reopened Mrs. Worsham's client file several times, but continued to see her on a personal level.

2. Apparently no one at the hospital had any direct knowledge of Mr. Cole and Mrs. Worsham's affair, because Mr. Cole effectively "covered up" his activities. During July and August 1983, Mr. Worsham reported his suspicions of an affair to various government personnel; this led to a meeting between Mr. Cole and Lieutenant Colonel Frank Rath, supervising psychologist at the hospital. At the meeting Mr. Cole advised Lt. Colonel Rath and Major Eleanor Law that Mrs. Worsham was a former client and that he was not seeing her at present as a client; but he neither denied nor confirmed the affair.

3. Because the district court found that Mrs. Worsham's main claim against the United States fails, as we do today, Mr. Worsham's derivative consortium claim necessarily fails as well. *See Douberly v. Okefenokee Rural Electric Membership Corp.*, 146 Ga.App. 568, 570, 246 S.E.2d 708, 709 (1978).

4. The court apparently made this award based on "the absolute lack of care on the part of the Army in resolving this matter ...," "the stubborn silence of one of its agents, Mr. Jerry Cole, ..." and "because of the failure of the Army to in any way pressure him to tell his story...." *Worsham v. United States*, No. 185–145, at 29–30 (S.D.Ga.1986).

5. In its reply brief the United States raises miscellaneous issues that do not merit further discussion. The district court found that (1) Mr. Cole was acting within the scope of his employment as a federal employee during his sexual relationship with Mrs. Worsham; and (2) government personnel negligently supervised Mr. Cole during this period. Because these determinations were fact-based and decided under the proper legal standards, we do not question the district court's findings on these issues. In any event, we uphold the district court's finding that absolved the United States of any tort liability.

trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

*Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985). *See also Lincoln v. Board of Regents of the University System of Georgia,* 697 F.2d 928, 939 (11th Cir.1983) (noting that "an especially heavy burden" rests on the appellant when the district court makes findings based largely on testimonial evidence).

■ The district court recognized that Mr. Cole's conduct was improper and unethical, but also found that mutual consent and attraction fueled the sexual relationship. State law provides that "no tort can be committed against a person consenting thereto if that consent is free, is not obtained by fraud, and is the action of a sound mind." [6] Ga. Code Ann. sec. 51–11–2 (1982). The trial court carefully considered the testimony of everyone including plaintiffs' expert witnesses, and we cannot lightly reject his findings concerning liability.

We must also determine whether, as a matter of law, the district court erroneously awarded costs to the losing party, plaintiffs.

■ It is well established that sovereign immunity principles prevent anyone from suing the United States government without its consent. *See McGowan v. Marshall,* 604 F.2d 885, 893 (5th Cir.1979).[7] The relevant statute provides that "a judgment for costs ... may be awarded to the *prevailing party* in any action brought ... against the United States." 28 U.S.C. sec. 2412(a) (emphasis added). We must strictly construe this section, see *Fenton v. Federal Ins. Administrator,* 633 F.2d 1119, 1122 (5th Cir.1981); and nothing in the statute authorizes courts to award costs to a non-prevailing party.

Our conclusion that the district court had no authority to award costs to a non-prevailing party gains support from language contained in Federal Rule of Civil Procedure 54(d): while "costs shall be allowed as of course to the prevailing party unless the court otherwise directs," "costs against the United States ... shall be imposed only to the extent permitted by law." Our precedent confirms that "Rule 54(d) does not give the District Court the power to award costs to the nonprevailing party, but only gives that court discretion to order that each party bear part or all of its own costs." *Three-Seventy Leasing Corp. v. Ampex Corp.,* 528 F.2d 993, 999 (5th Cir. 1976).

Accordingly, we affirm the district court's judgment on the nonliability of defendant-appellant, the United States; we reverse the district court's direction that the United States pay plaintiffs' costs.

---

**6.** Plaintiffs argue that during Mrs. Worsham's therapy Mr. Cole abused the "transference phenomenon," which seeks to explore and project a patient's emotional, psychological, and sexual subconscious. In *St. Paul Fire & Marine Ins. Co. v. Mitchell,* 164 Ga.App. 215, 296 S.E.2d 126 (1982), the Georgia Court of Appeals decided the question whether an insurance company's liability policy covered insured's sexual misconduct, which allegedly occurred while he treated a patient using the "transference phenomenon." In dicta the court stated as follows: "Whether the acts alleged, i.e., the mishandling of the transference phenomenon, amount to medical malpractice or intentional sexual assault requires the testimony of experts.... That issue raises questions of *fact*...." *Id.* at 219, 296 S.E.2d at 129 (emphasis added).

Subsequently, in another alleged sexual misconduct case that did not involve the transference phenomenon, the court of appeals found against the plaintiff and in favor of the defendant-counselor: "plaintiff knew that the personal relationship which was fostered was beyond the scope of Muller's duties as a job counselor, and yet she responded positively. She condoned whatever legal breaches were committed and participated...." *Jacobsen v. Muller,* 181 Ga. App. 382, 385, 352 S.E.2d 604, 607 (1986). *See also id.* at 386, 352 S.E.2d at 608–609 (Deen, P.J., concurring specially) ("even if a psychological therapist-patient relationship did exist, it appears that liability for malpractice could follow only if it were shown that this fiduciary relationship was exploited by (1) so gaining the trust and confidence of the patient as to deprive her of her free will ..., and (2) the sexual intimacy is connected with the plan of treatment.")

**7.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc*), this court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

AFFIRMED in part and REVERSED in part.