James L. **BARNES**, Jr.,
**Plaintiff–Appellee,**

Leonard Grefseng, Roy R. Kimberly, Willie H. Little, Elliott H. Moore, Lillian Northington, Joseph D. Patrick, Lellwyn B. Lacey, Plaintiffs–Appellants,

v.

A.S. **LACY**, D.C. Reynolds, Energen Benefits Committee, Energen Corporation, Energen Retirement Income Plan, G.C. Ketcham, G.C. Youngblood, J.A. Martin, R.J. Patzke, W.D. Self, Alabama Gas Corp., Alabama Gas Corporation, Defendants–Appellees, Appellants.

No. 90–7228.

United States Court of Appeals,
Eleventh Circuit.

March 22, 1991.

Rehearing Denied May 9, 1991.

Jay Smith, Cooper, Mitch, Crawford, Kuykendall & Whatley, Jerome A. Cooper, Joe R. Whatley, Jr., Birmingham, Ala., for plaintiffs-appellants.

Bradley, Arant, Rose & White, Maynard, Cooper, Frierson & Gale, P.C., Birmingham, Ala., for defendants-appellees.

Steven Hymowitz, McCalla, Thompson, Pyburn & Ridley, Stefanie Allweiss, Howard Shapiro, New Orleans, La., for Ala. Gas Corp., Energen Corp, Energen Corp. Retirement Income Plan, Energen Benefits Comm., Self, et al.

Before FAY and JOHNSON, Circuit Judges, and PECK *, Senior Circuit Judge.

* Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

FAY, Circuit Judge:

Plaintiffs James L. Barnes, Jr., Leonard Grefseng, Lila Faye Huey, Roy R. Kimberly, Willie H. Little, Elliott H. Moore, Lillian Northington, Joseph D. Patrick, and Lellwyn B. Lackey sued defendants A.S. Lacy, D.C. Reynolds, Energen Benefits Committee, Energen Corporation, Energen Retirement Income Plan, G.C. Ketcham, G.C. Youngblood, J.A. Martin, R.J. Patzke, W.D. Self, and Alabama Gas Corporation (hereinafter collectively referred to as "Alagasco"), alleging misrepresentation and violation of ERISA with respect to two early retirement plans that Alagasco had offered its employees. The district court granted judgment in favor of plaintiff Barnes, but held in favor of Alagasco with respect to the remaining eight plaintiffs. Seven of the eight plaintiffs who were defeated at trial appealed, and Alagasco cross-appealed the court's decision in favor of Barnes.

We find no clear error in the district court's factual findings. Accordingly, we AFFIRM the court's order granting judgment in favor of Alagasco with respect to the eight defendants other than Barnes. However, we hold that the court erred in finding Alagasco liable for misrepresentation. The court found Alagasco liable because Barnes misunderstood and detrimentally relied upon Alagasco's representations; yet it found, as a matter of fact, that Alagasco had made only truthful representations, in good faith, to its employees. We find that, based on the court's factual findings, its holding against Alagasco was erroneous as a matter of law. Accordingly, we REVERSE the district court's order granting judgment in favor of Barnes and REMAND with instructions to enter judgment in favor of Alagasco.

### Background

In November of 1985, Alagasco announced that it was forming a Voluntary Early Retirement Opportunity plan ("VERO"). The plan was adopted to provide additional incentives for employees, who already were eligible to take early retirement under Alagasco's Retirement Income Plan (the "Energen Plan"), to elect to do so. VERO was available only to those employees who either were already eligible for early retirement or would be by January 1, 1986.

About 80 persons were eligible under VERO. Over 50 percent of those eligible elected to retire on the basis of VERO. Nine of those persons who retired under VERO ultimately sued Alagasco asserting that, although they voluntarily and without coercion had elected to take that early retirement, they had been induced to do so by misleading or ambiguous statements provided to them concerning VERO.

This claim of misrepresentation essentially arose out of Alagasco's announcement in November of 1987, two years after VERO, of a new opportunity for early retirement. This second program, Voluntary Retirement Incentive Program ("VRIP"), provided various benefits that were greater than those which the plaintiffs had obtained under VERO. Plaintiffs asserted that the company misadvised them concerning the original plan by announcing at that time that it was a "one-time offer." They claimed that they understood Alagasco's comment to mean that they would not have any later opportunity for enhanced early retirement beyond that provided under the plan itself. Alagasco asserted that its use of the words "one-time offer" was proper and not misleading, and that it related essentially to the window of time from November 15, 1985 through December 6, 1985, in which eligible employees could elect to take advantage of VERO.

In its findings of fact, the trial court determined that plaintiffs had failed to show that Alagasco either contemplated or intended to offer a voluntary retirement incentive plan subsequent to VERO. Clear evidence offered at trial established that in late 1985, when Alagasco had decided to make VERO available, Alagasco did not anticipate that it would make any further or later offers of early retirement, that it believed that it would be unable to make any such offers on a cost-neutral basis, and that no such offers were, indeed, anticipated. Accordingly, the court found that Alagasco never intended to mislead plaintiffs.

Quite to the contrary, the court held that Alagasco intended "to provide accurate and full information that the employees would need in order to make their own individual decisions."

Additionally, the court did not specifically point to any violation of ERISA on the part of Alagasco. Instead, it applied trust principles of fiduciary responsibility to Alagasco with respect to its explanation of the VERO offer. Alagasco does not contest whether it should have been held to the standard of a fiduciary under ERISA with respect to the employees under the VERO plan. Alagasco merely claims that, based upon the information available to it at the time in question, it made no material misrepresentation, either by false statement or omission, regarding the prospect of a subsequent early retirement incentive plan. Thus, even if it should be held to some standard of fiduciary responsibility, Alagasco maintains that it did not violate its fiduciary duty to its employees.

The court held that Alagasco did mislead eight of the nine plaintiffs by failing to disclose that the company reserved the right to consider making benefits available in the future—whether higher, lower, or the same—at any time it wished to do so. The court then weighed the testimony of the remaining eight defendants with respect to whether they in fact relied upon the "misleading" offer to elect VERO. The court found that, in fact, only plaintiff Barnes would not have accepted VERO if the "correct" information had been given. Accordingly, the court granted judgment in

favor of Barnes, and in favor of Alagasco as to the eight other plaintiffs.

*Analysis*

1. *Findings of Fact.*

■ Federal Rule of Civil Procedure 52(a) provides that a district court's findings of fact in actions tried without a jury may not be reversed unless clearly erroneous. Fed.R.Civ.P. 52(a); *United States v. Fidelity Capital Corp.*, 920 F.2d 827, 836 (11th Cir.1991). The rule also provides that "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed.R.Civ.P. 52(a). If the court's findings are " 'plausible in light of the record viewed in its entirety,' the court of appeals must accept them even if it is 'convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.' " *Fidelity Capital Corp.*, 920 F.2d at 836 n. 36 (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985)); *see also Worsham v. United States*, 828 F.2d 1525, 1526–27 (11th Cir.1987). The district court in this case made various findings of fact, most of which the parties do not dispute. The seven plaintiffs other than Barnes who have appealed essentially dispute only one area of the court's findings. They assert that the court clearly erred in finding that eight of the nine plaintiffs would have elected VERO even if Alagasco had disclosed such information to them.

■ In light of the record before us, the district court's explanation of its holding,[1]

---

**1.** As to plaintiff Huey (who did not appeal the district court's decision), the court found that she actually was notified of Alagasco's reservation of the right to offer benefits in the future. At trial, it was revealed that Mrs. Huey was present at a meeting where an Alagasco representative explained the meaning of "one-time" offer. The representative "indicated that there simply were no plans to have any such later offer made, but that of course, 'one could never say never'—the intent being and the content being that the company did reserve the right to make such decisions at a later date if it chose to do so." (R5–8–9). Therefore, the court held that Alagasco did not mislead Mrs. Huey.

The court found that plaintiff Grefseng had made his decision to accept VERO before he

even learned of the "one-time only" condition. As a result, the court determined that Grefseng would have accepted VERO even if Alagasco had disclosed its right to offer subsequent benefits. Plaintiff Kimberly was in bad health and had considered retirement even before VERO was offered. Therefore the court concluded that he also would have accepted VERO even if he had known that a later offer might be made. As to plaintiffs Lackey and Moore, the court paid special attention to the fact that the benefits under VERO were substantially higher to them based upon their ages than they would have been under normal earlier retirement. Consequently, the court reasoned that the plaintiffs would have accepted VERO even if Alagasco had communicated the information regard-

and the limited scope of our review, we cannot say that the court was clearly erroneous in judging the credibility of each of the witnesses. The district court acknowledged the speculative nature of testimony on this issue. Further, the court conceded that, in making a factual determination, it had to draw fine lines of distinction in crediting testimony. Although we recognize, as did the district court, that it did indeed cut a fine line in weighing the plaintiffs' testimony, such a distinction does not, alone, constitute clear error. We therefore AFFIRM the district court's grant of judgment in favor of Alagasco with respect to plaintiffs Grefseng, Kimberly, Little, Moore, Northington, Patrick, and Lackey.

### 2. *Conclusions of Law.*

■■■■ In contrast to the standard of review of findings of fact, our review of the district court's application of the law to its findings of fact is de novo. *Fidelity Capital Corp.,* 920 F.2d at 836 (citing *Bose Corp. v. Consumers Union of United States, Inc.,* 466 U.S. 485, 486, 104 S.Ct. 1949, 1952, 80 L.Ed.2d 502 (1984) (Rule 52(a) "does not inhibit an appellate court's power to correct errors of law"); *Keys Jet Ski, Inc. v. Kays,* 893 F.2d 1225, 1227 (11th Cir.1990)). The district court made several factual findings regarding Alagasco's conduct. Alagasco had told its employees the truth about VERO. Alagasco had no intent to mislead employees regarding whether any future offers would be made following the VERO offer. The evidence clearly established that, at the time Alagasco made VERO available to its employees, "it did not contemplate making any further or later offers of retirement." (R5–4). Alagasco's comments regarding VERO being a "one-time offer" were not in and of themselves misleading. Despite these factual findings, the court held that Alagasco was, as a fiduciary under ERISA, liable for misrepresentation. The court found that Alagasco had committed a misrepresentation on the basis that the company's statements were subject to being misunderstood by employees. (R5–17). In effect, the court ruled that Alagasco had, and had breached, a duty to announce its intention to reserve the right to offer a subsequent early retirement plan, even though no such plan was even contemplated.

ERISA contains detailed disclosure rules by which employers and plan administrators must abide. *See* 29 U.S.C. § 1021 *et seq.* One such disclosure requirement is the publication of a summary plan description ("SPD"). The SPD is Congress's established method for apprising participants of the terms of a particular plan.

Alagasco's Energen Plan was the underlying retirement plan to which both VERO and VRIP added incentives for early retirement. Alagasco also published a SPD of the Energen Plan which described the terms of the plan. Article 8.1 of the Energen plan expressly states the Alagasco's reservation of discretion to amend the terms of the Energen Plan: "The Board shall have the right to amend the Plan from time to time...." The Energen Plan's SPD also expressly states Alagasco's power to amend the plan. Counsel for Alagasco has represented that both the Energen Plan and the SPD were available to all employees. The plaintiffs, as participants in the Plan, might be said to have constructive knowledge of the Plan language. *See Schultz v. Metropolitan Life Ins. Co.,* 872 F.2d 676, 680 (5th Cir.1989) (plaintiff "charged with knowledge of the plan"). Additionally, the VERO plan itself was made pursuant to Article 8.1 of the

---

ing the prospect of future benefits to them. As to plaintiff Little, the court recognized that because he was already age 63 when VERO was offered, he simply would not have waited to take early retirement on the basis of a statement declaring "that the company, of course, might at some future time—which might be two years or three years or six years—have considered some additional early retirement plan." Plaintiff Northington was not actively working with the company, was unhappy with her position, and was expecting to request a transfer upon her return to work. So, the court determined that she would have accepted the plan notwithstanding Alagasco's failure to disclose the information. Finally, plaintiff Patrick was likewise unhappy with his job and received substantially higher benefits by retiring at age 57 than he would have under normal early retirement, even if he were age 62. As with the other plaintiffs, the court concluded that he would have elected early retirement under VERO even if Alagasco had related its intent to retain the right to offer benefits in the future.

Energen Plan. Alagasco complied with the disclosure rules mandated by Congress in ERISA. The district court, in effect, created an additional notification requirement by requiring Alagasco to announce again to its employees its intention to retain the right to amend its retirement plan. Alagasco made no untrue statements to its employees regarding VERO or VRIP. The company complied with ERISA regarding disclosure. Accordingly, the district court erred in holding Alagasco liable because its comments might have been subject to misinterpretation.

However, even if the employees did not receive notice of Alagasco's intention to retain the right to amend its retirement plan, we hold in the alternative that Alagasco did not breach any fiduciary duty towards its employees. Generally, employers owe no fiduciary duty towards plan beneficiaries under ERISA. *See Payonk v. HMW Industries, Inc.*, 883 F.2d 221, 229 (3rd Cir.1989). However, when employers choose to "wear two hats," i.e., act as both employer and plan administrator, ERISA fiduciary duties regarding plan administration attach. *Id.* at 225. Yet, employers who act as plan administrators " 'assume fiduciary status "only when and to the extent" that they function in their capacity as plan administrators, not when they conduct business that is not regulated by ERISA.' " *Id.* (quoting *Amato v. Western Union Intern., Inc.*, 773 F.2d 1402, 1416–17 (2d Cir.1985), *cert. dismissed,* 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 288 (1986)). Neither party disputes that the employer, Alagasco, owed a fiduciary duty to the beneficiaries. Yet, even assuming that Alagasco owed a fiduciary duty to the plaintiffs in this case, the company did not breach such duty by failing to notify the employees of the amendment provisions in the plan.

The district court found that Alagasco made no untruthful statements. The "one-time offer" statements indicated Alagasco's actual intent at the time the statements were made. The court found that Alagasco acted completely in good faith with respect to both the VERO and VRIP incentive plans. We fail to see how a fiduciary could be held liable for making a good faith, truthful statement solely because the statement might be subject to misunderstanding. The district court, in so holding, placed an unreasonable burden upon Alagasco to predict future, unintended events. To impose such a duty is inequitable. *See Berlin v. Michigan Bell Telephone Co.*, 858 F.2d 1154, 1164 (6th Cir.1988). Alagasco could only be liable for such a predictive statement if it were a "material misrepresentation." *See id.* If, for example, Alagasco, "after *serious consideration* of a second [VERO] ..., represented that [a later VERO offering] was not being considered or used words to [that] effect, such a representation would be characterized as a material misrepresentation, although no final decision had been made." *Id.* at 1164 n. 7 (emphasis in original). In the case before us, Alagasco never even considered that a later offer would be made when it stated that VERO was a one time offer. Therefore we find that Alagasco made no material misrepresentation. Accordingly we REVERSE the decision of the district court granting judgment in favor of plaintiff Barnes, AFFIRM its decision against the other plaintiffs, and REMAND with instructions to enter judgment in favor of Alagasco as to all claims.