**In re Kenneth L. TURNER.**

No. 92–5211.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 4, 1993.

Decided Feb. 1, 1994.

Madelyn E. Johnson, Asst. U.S. Atty., Washington, DC, argued the cause, for appellant. On brief were J. Ramsey Johnson, U.S. Atty., and John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., Washington, DC.

Scott P. Perlman, Washington, DC, argued the cause, for appellee. On brief was Michael R. Bromwich, Washington, DC.

Before MIKVA, Chief Judge, WILLIAMS and HENDERSON, Circuit Judges.

Opinion for the court filed PER CURIAM.

STEPHEN F. WILLIAMS, Circuit Judge, filed a separate concurring opinion.

KAREN LeCRAFT HENDERSON, Circuit Judge, filed a separate opinion concurring in part and dissenting in part.

**PER CURIAM:**

Appellant United States of America (Government) appeals the district court's award of attorney's fees and costs to appellee Kenneth L. Turner (Turner). Turner, a Federal Protective Service officer, was sued for negligence under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, and, in response, sought certification from the Attorney General that the alleged negligent acts were within the scope of his employment so that the Government would be substituted as defendant on the negligence claim pursuant to 28 U.S.C. § 2679(d)(1). When the Attorney General refused certification, Turner moved under 28 U.S.C. § 2679(d)(3) for scope-of-employment certification from the district court. The court granted Turner's motion and substituted the Government as defendant. In addition, the court awarded Turner attorney's fees and costs against the Government, under subsections 2412(d)(1)(A) and 2412(a)(1) of the Equal Access to Justice Act (EAJA), for his successful litigation of the certification issue. *Mebane v. United States,* 789 F.Supp. 410 (D.D.C.1992). The Government appeals both awards. For the following reasons, we conclude the attorney's fee award must be vacated but the award of costs should be affirmed.

The material facts are not in dispute. On July 15, 1986, between midnight and 1:00 a.m., Turner was patrolling the Pentagon parking lot and observed Henry Mebane (Mebane), the plaintiff below, driving a speeding motorcycle through the lot. Turner pursued Mebane into the District of Columbia where Mebane continued to speed, drove through several red lights and finally crashed into a lamppost. Mebane subsequently filed an action in the district court against Turner and the Government, asserting three claims: one against Turner for negligence in conducting the high speed pursuit, a second against the Government, under the FTCA, for negligent training and supervision and a third against Turner, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for violating Mebane's right to due process.

Turner, as noted above, sought certification from the Attorney General, under 28 U.S.C. § 2679(d)(1), that the high speed chase causing Mebane's accident was within the scope of Turner's employment entitling Turner to have the Government substituted as defendant on Mebane's first claim.[1] When his request was denied, Turner filed motions with the district court for (1) scope-of-employment certification and substitution of the Government as defendant on the negligence claim under 28 U.S.C. § 2679(d)(3)[2] and (2) dismissal of the *Bivens* claim on the merits. The district court granted both motions and Turner then petitioned the court, under the EAJA, for attorney's fees and costs from the Government for expenses incurred in obtaining the certification and defending against the *Bivens* claim. The court granted the petition as to the certification expenses, awarding Turner attorney's fees and costs totalling $60,447.67.[3]

The Government appeals the district court's award of fees and costs on the

---

1. This subsection provides:

   Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

   28 U.S.C. § 2679(d)(1).

2. This subsection provides in part:

   In the event that the Attorney General has refused to certify scope of office or employ-

ment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

   28 U.S.C. § 2679(d)(3).

3. The district court declined to award expenses for the *Bivens* claim because the FTCA does not authorize a *Bivens* suit against the Government and the Attorney General was under no obligation to represent Turner on that claim. *See* 789 F.Supp. at 416.

grounds that (1) this is a case "sounding in tort" for which the EAJA expressly prohibits an attorney's fee award, (2) the Government's refusal to certify "course of employment" was "substantially justified" so as to preclude an attorney's fees award under the EAJA and (3) Turner was not a prevailing party entitled to costs under the EAJA. We agree that the fee award must be vacated on the first ground but affirm the award of costs.[4]

### Attorney's Fees

■ Under the "American Rule," "each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary." *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983). Further, even where a fee award is otherwise authorized, the Government is shielded by sovereign immunity from attorney's fee liability "except to the extent it has waived its immunity." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3278, 77 L.Ed.2d 938 (1983) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 267–268 & n. 42, 95 S.Ct. 1612, 1626–1627 & n. 42, 44 L.Ed.2d 141 (1975)). Subsection 2412(d)(1)(A) waives this immunity, but only to a limited degree. That subsection states:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (*other than cases sounding in tort*), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdic-

tion of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). We agree with the Government that the statutory exception to this waiver for "cases sounding in tort" forecloses an award of attorney's fees to Turner in this case.

■ Both the waiver of immunity and its tort exception "must be 'construed strictly in favor of the sovereign.'" *Sierra Club*, 463 U.S. at 685, 103 S.Ct. at 3278 (quoting *McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951)). Thus, we "may not find a waiver unless Congress' intent is 'unequivocally expressed' in the relevant statute." *Hubbard v. EPA*, 982 F.2d 531, 532 (D.C.Cir.1992) (quoting *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980)). In awarding fees to Turner, the district court ignored both this governing principle and the plain language of the EAJA. The court found the sounding in tort exception inapplicable because "the *issue* litigated between the United States and Turner was whether Turner was entitled to the benefit of immunity under 28 U.S.C. § 2679(d)" and the court's resolution of that issue "does not 'sound in tort,'" but "involves a Congressionally mandated decision as to whether the government's waiver of sovereign immunity extends to this case and, therefore, relieves the individual employee of liability." 789 F.Supp. at 415 (emphasis added).[5] The statute itself, however, does not parse "cases" into tort and non-tort issues but instead provides a blanket exception for *cases* that sound in tort. There can be no doubt that the civil action below is one sounding in tort[6] and therefore

---

4. Because we vacate the attorney's fee award on the first ground, we need not reach the Government's second argument that its opposition to certification was substantially justified.

5. The court characterized Turner's claim against the Government as an "ancillary action" that "involves a determination that is much more akin to an action in which a claimant has been wrongfully denied a government benefit conferred by statute." 789 F.Supp. at 415. A glance at the legislative history, however, reveals that, in amending 28 U.S.C. § 2679(d), Congress intended to "establish[] legislative standards to

govern the immunity of Federal employees who have allegedly committed common law torts." H.R.Rep. No. 700, 100th Cong., 2d sess. 4 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5945, 5947.

6. The verb "sound" "has a special legal sense, 'to be actionable (in).'" Bryan Garner, *A Dictionary of Modern Legal Usage* 510 (1987). In this sense, an action for damages resulting from negligence "sounds in" tort. *See, e.g., Federal Marine Terminals, Inc. v. Burnside Shipping Co.*, 394 U.S. 404, 415, 89 S.Ct. 1144, 1150, 22 L.Ed.2d 371 (1969) ("It is not disputed, for example, that

outside the statute's limited immunity waiver. Because subsection 2412(d)(1)(A) does not unequivocally (or otherwise) waive the Government's immunity from fee awards incurred litigating specific issues within a case sounding in tort but, to the contrary, expressly bars any fee award in such a case, the district court's award must be vacated.

### Costs

■ The question whether a co-defendant who successfully moves the court for "scope of employment" certification and substitution is a "prevailing party" against the government and entitled to recover litigation costs under 28 U.S.C. § 2412(a)(1) appears to be one of first impression. Absent clear precedent, our starting point is Federal Rule of Civil Procedure 54(d), which provides for reimbursement of costs as a matter of course to parties prevailing in a "judgment" (as defined by part (a) of the rule). Where the government is involved, however, reimbursement is allowed "only to the extent permitted by law." This points us to EAJA, which extends Rule 54's general presumption in favor of awarding costs, with certain limitations, to cases brought by or against the government. 28 U.S.C. § 2412(a)(1). Section 2412(a)(1) does not, however, explicitly limit an award of costs to those litigants who formally bring suit against the government; rather, a reasonable interpretation of the section permits recovery to a litigant, such as Mr. Turner, who takes an adverse litigating position against the government in the context of a civil action and obtains the functional equivalent of a final judgment against the government that entitles him to some relief. Here, that relief consists of an order certifying scope of employment and protecting Turner against liability under the Westfall Act.

Since nothing in § 2412(a)(1) prevents recovery, Rule 54 determines whether the district court abused its broad discretion in awarding costs to Mr. Turner. Unfortunately, the two lines of cases relied on by the parties do not shed much light on this issue. On one hand, Turner cites to *Friends for All Children v. Lockheed,* 725 F.2d 1392, 1398–99

(D.C.Cir.1984), for the proposition that a prevailing party may be entitled to costs even in the absence of a final judgment. The plaintiffs in *Friends,* parties to a stipulation agreement granting only limited and temporary relief, sought to extend the reasoning of cases in the civil rights context holding that litigants can be deemed "prevailing parties" without having yet obtained a favorable final judgment, so long as they "have established a right to *some* relief on [their] claim." *Id.* at 1398 (emphasis added); *see, e.g., Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (construing Civil Rights Attorney's Fee Award Act of 1976). Although Mr. Turner technically did not receive a judgment against the United States, he arguably established a right to relief. But analogy to *Friends* and the civil rights cases ends there. First, the *Friends* court denied plaintiffs' request for costs and declined to apply the broad statutory interpretation of "prevailing party" established in civil rights cases to "the ordinary tort case where Rule 54(d) is controlling." *Friends,* 725 F.2d at 1398–99. Second, this is not a situation where the movant has received some relief short of a final judgment but is undoubtedly still an adverse party in the action. Here the posture of the case is the opposite: the district court's order certifying scope of employment against the government's opposition granted Turner the full relief he sought, yet Turner himself did not bring suit against the government.

Equally unilluminating are the cases cited by the government holding that a defendant who is voluntarily dismissed from an action is a "prevailing party" and may recover costs from the non-prevailing plaintiff in the underlying action. *E.g., Kollsman v. Cohen,* 996 F.2d 702, 706 (4th Cir.1993). None of these cases addresses a voluntarily dismissed defendant's rights to recover costs from a co-defendant, or suggests some sort of general principle that the plaintiff was necessarily the sole correct obligor for costs. More important, voluntary dismissal of a co-defendant is very different from the situation here, where liability (if any) clearly lay with *either*

---

if the shipowner's negligence caused damages to the stevedoring contractor's equipment, those

damages would be recoverable in a direct action sounding in tort.").

the United States or Turner, but *not both,* and Turner had to litigate vigorously against the government over whether the Westfall Act protected him from liability.

In the final analysis, this case should be perceived to include two distinct claims. The first is the underlying tort suit brought by Mebane against Turner and the government. The second is Turner's action against the government on scope of employment. Although not so distinct from the first action to escape EAJA's "sounding in tort" exception, this latter dispute is, as Judge Williams notes in his concurrence, more the functional equivalent of an action for subrogation or reimbursement by Turner against the government. The dispute was concrete, fully litigated, wholly resolved, and solely between Turner and the government, no matter how the parties were named on the underlying complaint. Accordingly, we uphold the district court's award of costs in the amount of $2,953.00.

For the preceding reasons, the district court's attorney's fee award is vacated and the award of costs is affirmed.

*So Ordered.*

STEPHEN F. WILLIAMS, Circuit Judge, concurring.

I agree that Turner's attorneys' fees are not recoverable under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The issue turns on whether his dispute with the government should be lumped together with the overall "case", which indisputably "sound[ed] in tort", or should be considered a separate dispute. Given ordinary legal usage of the word "case", and the instruction that waivers of sovereign immunity are to be strictly construed, *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685–86, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983), I conclude that the dispute must be viewed as part of the tort case.

The pertinent portion of EAJA allows recovery of counsel fees under the following conditions:

[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (*other than cases sounding in tort*), including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

Turner's dispute with the government was over the application of a section of the Federal Tort Claims Act, 28 U.S.C. § 2679(d), which provides for substitution of the United States as defendant when the Attorney General certifies that a government employee originally named as defendant "was acting within the scope of his office or employment at the time of the incident out of which the claim arose". 28 U.S.C. § 2679(d)(1). When the Attorney General refuses that certification, the defendant employee may petition the court to make it, *id.* § 2679(d)(3), as Turner did successfully here. Congress devised this substitution arrangement in response to *Westfall v. Erwin,* 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), which found no absolute immunity for government employees sued under state law for torts committed in the exercise of non-discretionary functions. See Federal Employee Liability Reform and Tort Compensation Act of 1988, Pub.L. No. 100–694, 102 Stat. 4563, 4564 (1988) (codified in part as amended at 28 U.S.C. § 2679) (the "Westfall Act"). Thus Turner prevailed against the government in the one dispute between him and it that arose in this "civil action". Turner should recover attorneys' fees unless the exception for "cases sounding in tort" applies.

The panel is surely correct in saying that individual *issues* arising in a tort case may not be peeled off as a means of limiting the application of Congress's exception for cases sounding in tort. See Op. at 640–41. But Turner could prevail here on a more limited theory—that an issue may qualify as an independent "case" (or at least as a legal dispute *separate* from the underlying tort case) if it is the *only* issue between the government and the party seeking EAJA fees. Here, the sole controversy between Turner and the

government was whether he was acting within the scope of his employment at the time of the incident as to which Mebane sued. Moreover, the entire substance of the dispute is one that, under a slightly different statutory arrangement, could readily have been the sole subject of a litigation between Turner and the government. For example, Congress might have responded to the problem revealed by *Westfall* by allowing tort suits to proceed against government employees unimpeded, but provided a right over against the government if liability were found and if the employee were acting within the scope of his employment. Had it done so, the legal relationship between government and employee would have been substantially similar to what the Westfall Act created, yet the employee's right over against the government would have been subject to possible vindication in a separate case. Such a dispute would be in essence contractual (with the indemnity statute supplying the terms of the contract), and it would be hard to say that it sounded in tort. Indeed, it would be hard to so classify it even when it happened to be resolved in the same litigation as the tort claim itself, by means of a third-party complaint under Rule 14(a) of the Federal Rules of Civil Procedure.

The trouble with this hypothetical analysis is just that—it rests on a state of the law quite different from what Congress chose. Instead of creating a right of indemnity that might under some circumstances be vindicated in an independent lawsuit, Congress simply provided for the substitution of the United States as defendant in tort suits brought against government employees as to incidents within the scope of their employment. That such a dispute might have constituted the entirety of a "case" under some alternative state of the law does not seem enough to justify characterizing it as a separate case (or as something independent of the case in which it arose). If a dispute between the government and a party can *never* constitute the whole of a lawsuit under the rules Congress adopted, and in fact arises within a case "sounding in tort", I think it must be regarded as part of that case for purposes of EAJA's tort exception.

Our decision here, then, does not consider the application of the tort exception to non-tort *claims* that *may* constitute the whole of a lawsuit but that happen to be resolved in a litigation arising out of tort law. It may well make sense to disaggregate such claims from the surrounding tort "case" for purposes of 28 U.S.C. § 2412(d)(1)(A), just as Congress clearly contemplates such disaggregation in other contexts. See, e.g., 28 U.S.C. § 1441(c) (providing for removal from state court of an "entire case" when "separate and independent" federal question "claims" are joined with non-removable claims, and for possible remand of the latter claims).

Turner argues that denial of attorneys' fees here violates the rationale of the tort exception, pointing to a committee report saying that tort cases had been excluded because EAJA's sponsors "considered the legal remedies adequate and equitable in those cases", H.R.Rep. No. 1418, 96th Cong., 2d Sess. 18 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4997. He also points to a sponsor's statement that "the economic deterrents to litigate are not as great an obstacle in [tort] cases." *Award of Attorneys' Fees Against the Federal Government; Hearings on S. 265 Before the Subcomm. on Courts, Civil Liberties, and the Administration of Justice of the House Comm. on the Judiciary*, 96th Cong., 2d Sess. 24 (1980) (prepared statement of bill sponsor Senator Dennis DeConcini). This reasoning may work on the plaintiff's side in a tort case, if, for example, we assume that most such cases are brought on a contingent fee basis, that pain-and-suffering damages serve in part to fund the reimbursement of prevailing plaintiffs' lawyers, see, e.g., Clarence Morris, Liability for Pain and Suffering, 59 Colum.L.Rev. 476, 477 (1959), and that their partial diversion to that end represents sound policy. Whatever the validity of that theory, of course, it has no application where the party opposing the government is a tort defendant—as here or in any case where the government seeks affirmative relief in tort. If Turner is right on this issue, he has identified a serious glitch in EAJA's tort exception, but he has not provided a basis for our

interpreting EAJA to embrace the scope-of-employment issue here.

## KAREN LeCRAFT HENDERSON, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the district court's award of attorney's fees must be vacated but dissent from its affirmance of the award of costs. While litigation costs are, in general, more readily available than attorney's fees, see Fed.R.Civ.P. 54, nonetheless, as with fees, they are recoverable from the Government only to the extent it has waived its sovereign immunity and any waiver must be strictly construed in the Government's favor. *Worsham v. United States*, 828 F.2d 1525, 1527 (11th Cir.1987) (citing *Fenton v. Federal Ins. Administrator*, 633 F.2d 1119, 1122 (5th Cir.1981)). The district court awarded Turner costs as "the prevailing party" under section 2412(a)(1) of the EAJA, which provides in part:

### § 2412. Costs and fees

(a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

28 U.S.C. § 2412(a)(1). I believe that the language of this subsection, strictly construed in the Government's favor, does not allow the court's award of costs to Turner.

The phrase "to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States" manifests an intent to award costs only to a party who prevails on a claim for relief against the Government or on a defense to a claim asserted by the Government. Turner, however, neither pressed a claim nor raised a defense against the Government.* His sole role, while it lasted, was that of co-defendant. While he succeeded in transferring to the Government his own potential liability, in so doing he prevailed not against the Government but against the plaintiff whose claim against him was consequently dismissed. Further, even if the majority is correct that a "reasonable interpretation" of subsection 2412(a)(1) permits recovery of costs here, that point is irrelevant. Because the subsection must be strictly construed in the Government's favor, costs are recoverable only if *unequivocally* authorized by the statutory language. See *Hubbard v. EPA*, 982 F.2d 531, 532 (D.C.Cir.1992) (quoted in majority opinion at 640). A mere "reasonable interpretation" is not enough. Accordingly, I would vacate the district court's award of costs as well as its award of fees.

---

* Subsection 2412(a)(1) uses "civil action" while subsection 2412(d)(1)(A) (the attorney's fees provision) uses "cases." Both terms, however, contemplate awards only in lawsuits brought by or against the Government and Turner's motion for certification and substitution was not a "civil action" (or case) against the Government. That Mebane's suit was "brought against" the Government as well as Turner is irrelevant. Had Mebane elected to sue only Turner in his individual capacity, without also joining the Government as defendant, and had Turner subsequently obtained substitution of the Government in his place, Mebane's lawsuit could not under any interpretation have fallen within subsection 2412(a)(1)'s purview, at least during Turner's involvement, because until the Government replaced him (and he dropped out of the case) there would have been no "civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." That *Mebane* elected to sue both the Government and Turner should not *ipso facto* entitle *Turner* to a cost award against the Government.