G. Bruce WILSON, et al., Plaintiffs,

v.

SOUTHWESTERN BELL TELEPHONE
COMPANY, et al., Defendants.

No. 91–2488C(6).

United States District Court,
E.D. Missouri,
Eastern Division.

Oct. 14, 1994.

David G. Dempsey, Sr., Frank Susman, Susman and Schermer, Leonard J. Jaworski, II, Leonard P. Cervantes, Cervantes and Igoe, St. Louis, MO, for plaintiffs.

Paul N. Venker, Armstrong and Teasdale, St. Louis, MO, Christian A. Bourgeacq, Paul E. Dorin, Southwestern Bell Telephone Co., St. Louis, MO, for defendants.

### MEMORANDUM

GUNN, District Judge.

This matter is before the Court on the parties' cross-motions for summary judgment.

Plaintiffs, former management employees of Southwestern Bell Telephone Company, or their beneficiaries, bring this action alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA). Specifically, plaintiffs allege that defendants violated ERISA's disclosure requirements and breached fiduciary duties when defendants offered them a Management Force Adjustment Plan (MFAP) in 1990. Plaintiffs claim that at the time they accepted early retirement pursuant to MFAP, defendants promised that there would be no additional incentive programs offered in the foreseeable future. Plaintiffs contend that, contrary to said promise, defendants offered a second force reduction plan in 1991, known as the Enhanced Management Plan (EMP), with additional en-

hancements and incentives for employees to retire early. Plaintiffs claim that defendants misled plaintiffs into accepting MFAP in 1990 which in effect denied plaintiffs the enhanced benefits subsequently offered by EMP. Plaintiffs alternatively seek payment of the additional benefits of EMP subject to a credit of what has already been paid them under MFAP, or contractual damages equal to the difference between the present value of benefits offered under EMP and the benefits paid to plaintiffs under MFAP, or equitable relief.

Plaintiffs move for partial summary judgment on their claims that defendants violated ERISA's disclosure requirements and breached their fiduciary obligations by misleading and failing to fully inform plaintiffs when describing MFAP. They also seek summary judgment with respect to whether defendants are estopped from denying that plaintiffs are entitled to the benefits of EMP.

Defendants move for summary judgment arguing that plaintiffs have no standing to sue under ERISA. Defendants assert further that even if plaintiffs have standing under ERISA, no genuine issues of material fact exist and they are entitled to judgment as a matter of law on all of plaintiffs' claims.

### Statement of Facts

The facts, presented generally, are as follows:

In early 1990, Southwestern Bell Telephone Company (SWBT) determined that business conditions and operations mandated a reduction in its management work force. In October 1990, SWBT offered MFAP, a cash severance incentive, to its management employees, including plaintiffs. Defendant Robert A. Dickemper (Dickemper), the vice-president for human resources of SWBT, prepared an announcement letter for MFAP which was distributed to employees on October 19, 1990. On October 26, 1990, Dickemper and his staff also distributed the "Summary of the Management Force Adjustment Plan of Southwestern Bell Telephone Company" (the MFAP summary). MFAP required employees to apply for inclusion in the plan which contained participation caps.

The MFAP summary contained a section of questions and answers which addressed SWBT's plans relating to future incentive programs. Included in this section was the following question:

Q: Isn't this just the first offer you're planning? Won't you be rolling out additional incentives in 1991?

The answer provided in the MFAP summary:

A: We plan no additional incentive programs in the foreseeable future.

Following the announcement of MFAP, rumors spread that MFAP would be enriched or that additional incentives would be offered. On November 13, 1990, Dickemper distributed a letter to employees which stated that MFAP would not be enriched or extended for any period of time. Employees responded by completing Employee Acknowledgement Forms to participate in MFAP and eventually 1,100 management employees, including plaintiffs, accepted MFAP. The MFAP offer included up to a year's salary and additional benefits, and employees who accepted the offer left SWBT's payroll on or before December 31, 1990.

In September 1991, Southwestern Bell Corporation, the parent company of SWBT, amended its management pension plan to include various enhancements and options in an effort to induce employees to retire early and substantially reduce its management work force. This was the Enhanced Management Plan. Plaintiffs assert that they are entitled to the additional benefits offered by EMP.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). The

moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(c). Once the moving party has met his burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ The first issue raised by defendants in their motion for summary judgment is that plaintiffs lack standing to bring a claim under ERISA because they are not "participants" under EMP. Defendants base their argument on the fact that plaintiffs retired a full year before EMP was offered, having accepted severance pay under MFAP, and therefore cannot seek benefits under the subsequent incentive plan. The Court disagrees.

Section 502(a) of ERISA, 29 U.S.C. § 1132(a), limits standing to participants, beneficiaries, fiduciaries and the Secretary of Labor. "The term participant means an employee or former employee who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers such employer." *See Bass v. Retirement Plan of Conoco, Inc.*, 676 F.Supp. 735 (W.D.La.1988). Dismissal for lack of standing is improper unless the allegation of participant status in the complaint "'has no plausible foundation' or 'is clearly foreclosed by a prior Supreme Court decision.'" *Williamson v. Tucker*, 645 F.2d 404, 415–16 (5th Cir.), *cert. denied* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981) (*quoting Bell v. Health–Mor, Inc.*, 549 F.2d 342 (5th Cir. 1977)). Plaintiffs' allegations of threatened injury satisfy the requirements of standing. *See Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). To hold that plaintiffs in this case were not participants under ERISA, would leave them without recourse to challenge the alleged breach of fiduciary duty which allegedly induced them to opt for MFAP rather than receive the later benefits offered under EMP. *See Bigger v. American Commercial Lines, Inc.*, 652 F.Supp. 123, 125–26 (W.D.Mo.1986). The issue of standing and the merits of plaintiffs' claims are "unavoidably intertwined." *See Christopher v. Mobil Oil Corp.*, 950 F.2d 1209 (5th Cir.), *cert. denied* — U.S. ——, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992). The Court finds that plaintiffs have standing to sue in this action under ERISA.

■ The real issue in this case is whether defendants violated ERISA through their representations to employees in 1990 that there were no plans to offer additional incentive programs in the foreseeable future.

ERISA provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1). "Misrepresentations and omissions [are] breaches of ... fiduciary obligations. Lying is inconsistent with the duty of loyalty owed by all fiduciaries and codified in section 404(a)(1) of ERISA. ..." *Peoria Union Stockyards Co. Retirement Plan v. Penn Mutual Life Ins. Co.*, 698 F.2d 320, 326 (7th Cir.1983).

> [T]here can be no misrepresentations about a future offering until that point in time (a question of material fact) when serious consideration has been given by the plan administrator and/or plan fiduciary concerning the implementation of the plan.

*Berlin v. Michigan Bell Tel. Co.*, 858 F.2d 1154, 1164 (6th Cir.1988); *see also Drennan v. General Motors Corp.*, 977 F.2d 246, 251 nn. 1 & 2 (6th Cir.1992), *cert. denied* — U.S. ——, 113 S.Ct. 2416, 124 L.Ed.2d 639 (1993); *Barnes v. Lacy*, 927 F.2d 539, 544 (11th Cir.), *cert. denied* — U.S. ——, 112 S.Ct. 372, 116 L.Ed.2d 324 (1991). "[A] fiduciary may not materially mislead those to whom the duties

of loyalty and prudence ... are owed." *Berlin,* 858 F.2d at 1163. "[M]isleading communications to plan participants regarding plan administration ... will support a claim for breach of fiduciary duty." *Id.; see also Rosen v. Hotel Restaurant Employees & Bartenders Union,* 637 F.2d 592, 600 n. 11 (3rd Cir.), *cert. denied* 454 U.S. 898, 102 S.Ct. 398, 70 L.Ed.2d 213 (1981).

In the present case, the Court finds no evidence that the management of SWBT misrepresented or omitted information relating to a future offering when they extended the MFAP offer in 1990. This finding is substantially underscored by statements made by plaintiffs' counsel in a Memorandum dated October 26, 1992. Specifically, plaintiffs' counsel concludes that "[w]e believe that the decision to offer the 1991 pension plan amendment [EMP] was made in May 1991 as a result of advice from an outside management analyst...." (Mem. of David G. Dempsey, dated October 26, 1992, at 2; Defs.' Record at 688–90.) The memo continues "[w]e have not yet discovered, nor is it likely that we will discover, a document indicating that a decision had been made in 1990 to offer another plan in 1991." *Id.* Based on a thorough review of the documents and evidence offered in support of the parties' motions for summary judgment, the Court comes to the same conclusion.

The Court finds, based on the pleadings, depositions, affidavits and other exhibits before it, that defendants reached a reasoned business decision in 1990 to offer a cash-based incentive program to achieve a reduction in force and which would allow control over the level of employee participation in the plan. The decision to make such an offer was reached after lengthy and reasoned consideration of the state of the industry and its foreseeable future.

Unforeseeable events in 1991, including a recession and war in the Middle East, adversely affected SWBT's revenues and mandated a new course of action. Business decisions made by fiduciaries in such circumstances should not automatically subject them to liability on some theory that all circumstances are foreseeable and therefore must be spelled out to employees. Such an imposition of liability would result in "seer" being added to ERISA's definition of fiduciary. Plaintiffs are unable to identify any evidence which would suggest that management foresaw such circumstances and were aware of an impending second reduction in force when they offered MFAP.

Even were fiduciaries held to a higher level of informational disclosure in such a case as this, the Court can still find no basis for liability. The questionnaire distributed along with MFAP was clear in its answers and demonstrates no intent to deceive, mislead or otherwise deprive employees of information available to management at that time. The summary plan was informational, not coercive, in its presentation of MFAP. The result was the voluntary registration of employees to accept the benefits offered therein. For these reasons, the Court will enter summary judgment in favor of defendants and against plaintiffs.

### ORDER

Pursuant to the memorandum filed herein on this date,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment is granted.

**IT IS FURTHER ORDERED** that plaintiffs' motion for partial summary judgment is denied.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.