835 F.2d 193
 56 USLW 2389
 Duncan CAMPBELL, individually and as personal representative
of the Estate of Carolyn Louise Campbell,
deceased, Plaintiff-Appellant,
v.
UNITED STATES of America; James A. Baker, Office of the
Secretary of the Department of Treasury; Charles
A. Bowsher, Controller General
Comptroller, Defendants-Appellees.
 No. 86-15057.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 4, 1987.
Decided Dec. 22, 1987.
 
 Thomas R. Grande, Davis & Levin, Honolulu, Hawaii, for plaintiff-appellant.
 Wendy M. Keats, Asst. U.S. Atty., Civ. Div., for defendants-appellees.
 Appeal from the United States District Court for the District of Hawaii.
 Before BROWNING, WRIGHT and LEAVY, Circuit Judges.
 LEAVY, Circuit Judge:
 The plaintiff, Duncan Campbell, brought this action against the United States, seeking determination of the applicable interest rate and period for which interest was due on a judgment entered in his favor in a prior action under the Federal Tort Claims Act (FTCA). The issues of rate and period were eventually decided in his favor. Campbell seeks attorneys' fees under the Equal Access to Justice Act (EAJA) for services in this action regarding the interest.
 
 FACTS AND PROCEEDINGS BELOW
 
 1
 The prior action under the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b) (1976), was for medical malpractice in the treatment of Campbell's wife at an Army hospital. On June 17, 1982, a $2.4 million dollar judgment was entered in favor of Campbell and his wife. This court affirmed the judgment and issued its mandate on June 10, 1983.
 
 
 2
 On remand, the government moved to reduce the judgment. Fed.R.Civ.P. 60(b). The district court denied the motion on November 28, 1983, and ordered the government to pay the judgment "together with costs and interest as provided by law."
 
 
 3
 The principal of the judgment was paid in full on February 6, 1984. However, the interest was not paid because the parties disagreed as to the legally applicable interest rate and period for which interest was due.
 
 
 4
 The government never disputed that it owed Campbell interest on the judgment. However, it contended that under the law in effect when the judgment was entered, the applicable interest rate was fixed at four percent. See 28 U.S.C. Sec. 2411(b) (1978). The government also contended that the period during which interest accrued ran from the date the judgment was filed with the General Accounting Office (GAO) through the date before the day this court issued its mandate. See 31 U.S.C. Sec. 724a (Supp. V 1981) (now 31 U.S.C. Sec. 1304(b)(1)(A) (1983)).
 
 
 5
 Campbell contended that under the Federal Courts Improvement Act of 1982 (FCIA), 28 U.S.C. Sec. 1961 (1982), he was due a higher interest rate. The FCIA was enacted on April 2, 1982, before the entry of judgment, but the Act did not go into effect until October 1, 1982, after the entry of judgment, 28 U.S.C. Sec. 171 note (Supp.1987).[1] The FCIA is silent as to whether it applies retroactively to judgments entered prior to October 1, 1982.
 
 
 6
 Campbell also contended that interest should run for a longer period of time than that calculated by the GAO. He asserted that the period should run from the date the judgment was filed with the GAO through November 28, 1983, the date the district court denied the government's Rule 60(b) motion. Although 31 U.S.C. Sec. 724a (Supp. V 1981) states that the running of interest terminates when the mandate of affirmance is issued, Campbell argued that the government's subsequent rule 60(b) motion delayed payment and therefore the interest period should be extended until the motion was decided.
 
 
 7
 In this action, Campbell raised both issues: (1) whether the FCIA applies retroactively to allow him to recover the higher interest rate; and (2) whether interest should be paid for the longer time period. The district court granted summary judgment to Campbell on the second issue, but denied him summary judgment on the issue of the applicable interest rate.
 
 
 8
 Campbell appealed the adverse ruling as to the rate; the government did not appeal as to the applicable time period. On February 3, 1987, this court ruled in Campbell's favor on the interest rate issue. Campbell v. United States, 809 F.2d 563 (9th Cir.1987).
 
 
 9
 On remand Campbell sought approximately $19,000 in attorneys' fees under the EAJA, 28 U.S.C. Sec. 2412(d) (Supp.1987). Campbell asserts the district court has jurisdiction to award attorneys' fees under, among other statutes, the federal tort claims procedure statutes, 28 U.S.C. Secs. 2671-2680. He asserted that "[t]he Government's position was not substantially justified because it had a statutory duty to pay interest to Plaintiff under 28 U.S.C. Sec. 1961." The district court denied Campbell's motion for attorneys' fees. The court held that the government was substantially justified in litigating both issues and in refusing to pay until its full liability was resolved. Campbell then took this appeal.
 
 GOVERNMENT'S CONTENTIONS ON APPEAL
 
 10
 On appeal the government raises a threshold question for the first time. The government contends that the district court was without subject matter jurisdiction, because the EAJA does not waive federal sovereign immunity for cases sounding in tort. Because Campbell's right to interest arises as part of the judgment in a tort action, the government argues this action falls within the tort exception to the EAJA. Because we hold that Campbell cannot recover attorneys' fees under the EAJA, we need not discuss Campbell's substantive contentions on appeal.
 
 STANDARD OF REVIEW
 
 11
 This court reviews questions of law, such as interpretation of the EAJA, de novo. Merrell v. Block, 809 F.2d 639, 640 (9th Cir.1987).
 
 DISCUSSION
 
 12
 Except to the extent it has waived its immunity, the federal government is immune from claims for attorneys' fees. Ruckelshaus v. Sierra Club, 463 U.S. 680, 685, 103 S.Ct. 3274, 3278, 77 L.Ed.2d 938 (1983). Waivers of immunity are strictly construed in favor of the government, and courts should not enlarge such waivers beyond what a fair reading of the statute requires. Id., 463 U.S. at 685-86, 103 S.Ct. at 3277-78; Lauritzen v. Lehman, 736 F.2d 550, 555-56 (9th Cir.1984).
 
 
 13
 The Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d)(1)(A) (Supp.1987), waives the federal government's immunity in certain circumstances:
 
 
 14
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States [attorneys'] fees and other expenses * * *, incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 15
 This waiver of sovereign immunity for attorneys' fees in specified situations was designed "to diminish the deterrent effect of seeking review of, or defending against, governmental action" which might be present for certain litigants if they could not recover attorneys' fees if they prevailed. 5 U.S.C. Sec. 504 note (Supp.1987). Tort actions were specifically excluded from the EAJA because Congress believed the legal remedies available in tort cases were adequate in diminishing this deterrent effect. H.R.Conf.Rep. No. 1434, 96th Cong., 2d Sess. 25, reprinted in 1980 U.S.Code Cong. & Admin.News 5003, 5014; H.R.Rep. No. 1418, 96th Cong., 2nd Sess. 18, reprinted in 1980 U.S.Code Cong. & Admin.News 4984, 4997.
 
 
 16
 The Federal Tort Claims Act recognizes that attorneys' fees in tort actions are often paid through contingent fee arrangements, and limits those fees to a percentage of the settlement or judgment amount. 28 U.S.C. Sec. 2678 (Supp.1987). The FTCA sets this maximum rate for attorneys' fees "for services rendered" in connection with the FTCA claim. Id.
 
 
 17
 Both parties acknowledge that Campbell's initial suit in which he was awarded the $2.4 million judgment "sounded in tort" and that attorneys' fees incurred in that action are not recoverable under the EAJA. The government argues that because the interest at issue here was awarded as part of a judgment under the FTCA, it is an integral part of that judgment and attorneys' fees incurred to resolve the amount due are not recoverable under the EAJA. However, Campbell argues that the present suit is not to recover damages in tort, but rather to enforce a tort judgment. He contends that the government had a ministerial duty to award him interest, and it failed to do so. Thus, he filed this action to force the government to fulfill a statutory obligation.
 
 
 18
 Interest on a judgment awarded under the FTCA is an integral part of that judgment. Because the duty to pay interest has no existence independent of the judgment, Campbell's action to resolve the amount of interest due on his tort award is part of the "services rendered" in the underlying tort action. The claim made in this action and the underlying tort claim are essentially one. Thus, the district court had jurisdiction to hear Campbell's attorneys' fee request as an extension of the tort claim. However, because the EAJA does not waive sovereign immunity for cases sounding in tort, Campbell cannot recover attorneys' fees against the government for his action regarding the interest due on his tort award.
 
 CONCLUSION
 
 19
 We AFFIRM the district court's denial of attorneys' fees.
 
 
 
 [1]
 The FCIA repealed the four percent interest limitation and substituted a new method of calculating interest on all federal court judgments, including those against the United States. The FCIA provides that interest shall be calculated according to the prevailing interest rate for fifty-two week Treasury bills immediately prior to the date of entry of judgment