995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CHURCH OF SCIENTOLOGY WESTERN UNITED STATES, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
CHURCH OF SCIENTOLOGY INTERNATIONAL, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 92-55188, 92-55437.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1993.
Decided June 9, 1993.
 
 1
 Before: HALL, WIGGINS, and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM DISPOSITION*
 
 OVERVIEW
 
 3
 The district court denied motions by the Church of Scientology International and the Church of Scientology Western United States ("Churches") for fees and costs under 26 U.S.C. § 7430 in connection with the quashing of three summonses. The district court concluded that the Churches had failed to establish that the position of the United States was not substantially justified. The Churches appeal, claiming error in the district court's interpretation of the statute. The district court had jurisdiction pursuant to 26 U.S.C. § 7609(h). Our jurisdiction derives from 26 U.S.C. § 7609(h) and 28 U.S.C. § 1291. We affirm.
 
 FACTS
 
 4
 On September 26, 1991, the Internal Revenue Service issued three summonses to Joseph Yanny, former counsel to the Churches. The summonses demanded the production of information that the Churches claim was obtained during Yanny's lengthy tenure as the Churches' attorney. The summonses indicated that October 8, 1991, was the date for compliance, but a letter accompanying the summonses instructed Yanny that the IRS expected compliance by October 3. The letter also indicated that Yanny need not notify the Churches that the summonses had been served.
 
 
 5
 The Churches learned of the summonses on October 1, 1991, at about 5:00 p.m., when Yanny's attorney called the Churches' attorney. Concerned that any challenge to the validity of the summonses would be mooted by Yanny's compliance with them on October 3rd, counsel for the Churches worked through the night to bring petitions to quash the summonses.
 
 
 6
 Early in the morning of October 2nd, the Churches' counsel attempted to resolve the matter by contacting an Assistant United States Attorney, who was representing the IRS in another pending summons enforcement action between the Churches and the IRS. The Churches maintain, and the IRS does not refute, that the IRS's attorney refused to withdraw the summonses. As a result, the Churches were compelled to complete work on the petitions to quash and filed them in the district court on the afternoon of October 2nd. The petitions sought to quash the summonses temporarily to prevent any breach of attorney-client confidences, which the Churches feared would occur if Yanny complied with the summonses.
 
 
 7
 Late in the afternoon of October 3rd an order was entered enjoining the IRS from conducting its examination of Yanny until further action by the court determined that the examination was appropriate. Thereafter, the IRS indicated that it would not attempt to enforce the summonses pending final resolution of the petitions to quash. In response to the Churches' petitions, the IRS withdrew all of the summonses and asked the district court to dismiss the petitions as moot in light of the withdrawals. The court dismissed all three petitions.
 
 
 8
 Subsequently, the Churches filed motions for fees and costs, seeking to recover the expenses incurred in bringing the petitions. The district court denied the motions, and the Churches appeal.
 
 STANDARD OF REVIEW
 
 9
 We review the district court's interpretation of 26 U.S.C. § 7430 de novo. Huffman v. Commissioner, 978 F.2d 1139, 1143 (9th Cir.1992). The district court's determination as to whether the position of the United States was substantially justified is reviewed for an abuse of discretion. Huffman, 978 F.2d at 1143; Estate of Merchant v. Commissioner, 947 F.2d 1390, 1392-93 (9th Cir.1991); Bertolino v. Commissioner, 930 F.2d 759, 761 (9th Cir.1991).
 
 DISCUSSION
 
 10
 To recover costs and attorney's fees under § 7430, the Churches must show that they are prevailing parties and that they have exhausted their administrative remedies. See 26 U.S.C. § 7430 (1988). The IRS concedes that the Churches have exhausted their administrative remedies and does not argue here that any of the restrictions placed on recovery of attorney's fees under § 7430(b) apply in this case. Thus, the question before us is whether the Churches are prevailing parties within the meaning of the statute.
 
 
 11
 Section 7430(c)(4) provides that "[t]he term 'prevailing party' means any party ... (i) which establishes that the position of the United States in the proceeding was not substantially justified, (ii) which ... (II) has substantially prevailed with respect to the most significant issue ..., and (iii) which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of title 28...." The parties agree that the Churches have substantially prevailed with respect to the most significant issue and that the Churches' request for fees meets the requirements of § 2412(d)(1)(B). The only issue remaining is whether the position of the United States was substantially justified.
 
 Section 7430(c)(7) states:
 
 12
 The term "position of the United States" means--(A) the position taken by the United States in a judicial proceeding ... and (B) the position taken in an administrative proceeding ... as of the earlier of (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency.
 
 
 13
 Id. (emphasis added). The IRS contends that this section precludes consideration of any conduct prior to the initiation of litigation in determining whether the position of the United States was substantially justified because there was no notice of deficiency or notice of decision from the IRS Office of Appeals in these cases. The Churches concede that there was neither a deficiency notice nor an Office of Appeals notice of decision involved here. Nevertheless, they contend that the district court should have considered the IRS's prelitigation conduct in determining whether the position of the United States was substantially justified. The district court agreed with the IRS, and the law compels us to affirm.
 
 
 14
 Section 7430 is a waiver of sovereign immunity. See Campbell v. United States, 835 F.2d 193, 195 (9th Cir.1987) ("Except to the extent it has waived its immunity, the federal government is immune from claims for attorneys' fees."); In re Graham, 981 F.2d 1135, 1138-39 (10th Cir.1992). As such, we must construe it strictly in favor of the government, and we should not find a waiver absent clear congressional intent. United States v. Washington, 872 F.2d 874, 877 (9th Cir.1989); Campbell, 835 F.2d at 195.
 
 
 15
 Because neither a notice of deficiency nor a notice of decision from the Office of Appeals ever issued here, § 7430 permits the consideration only of the IRS's position "in a judicial proceeding." Nonetheless, the Churches contend that § 7430 should not be read to preclude consideration of the IRS's conduct prior to the filing of the petitions to quash in determining whether the position of the United States was substantially justified in the judicial proceeding. Unfortunately, they fail to cite any authority for such a reading.[1] They argue that their interpretation is consistent with congressional intent and prevents circumvention of the attorneys' fees provision by the IRS. They also argue that the IRS should not be permitted to take indefensible positions prior to the initiation of litigation and then avoid paying attorney's fees by acting circumspectly once a petition or complaint is filed. While we find the Churches' arguments persuasive, they are inconsistent with the express provisions of the statute, and we are wholly without authority to rewrite the statute. Congressional intent to waive the sovereign immunity of the federal government " 'cannot be implied but must be unequivocally expressed.' " United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. King, 395 U.S. 1, 4 (1969)); see also Washington, 872 F.2d at 877; cf. Barnes v. United States, No. S90-1592-WBS/GGH, 1991 WL 323001, at * 4 (E.D.Cal. Nov. 26, 1991) ("It is not the province of the courts, but rather that of Congress to remedy this apparent loophole in the statute [§ 7430].").
 
 
 16
 Few courts have considered the question now before us. Those that have uniformly have held that when there is neither a notice of deficiency nor a notice of decision from the IRS Office of Appeals, "the express terms of the statute ... limit [a court's] assessment of the United States' position ... to the position taken as of the initiation of the judicial proceeding." Nathaniel v. United States, No. S91-0056-WBS/GGH, 1991 WL 323002, at * 2 (E.D.Cal. Nov. 26, 1991) (emphasis added); see also Nunn v. Commissioner, 63 Tax Ct.Mem. Dec. (CCH) 3060 (1992); Estate of Holmes v. United States, No. 89-2581, 1990 WL 10062, at * 2-3 (E.D.Pa. Feb. 5, 1990). Moreover, this court unequivocally stated in Huffman that "[c]ase law holds that if the Government concedes the petitioner's case in its answer, its conduct is reasonable."[2] 978 F.2d at 1148; see also Bertolino, 930 F.2d at 761 (indicating that if the IRS settles a case with r
easonable dispatch once a triggering event occurs, its conduct is substantially justified); cf. Hanson v. Commissioner, 975 F.2d 1150, 1156 n. 4 (5th Cir.1992) (court left open the question whether the government should have to pay fees when it surrenders at the very outset of litigation but indicated that at that point a "plaintiff's cost will be very small, perhaps de minimis," suggesting that such a surrender may preclude the recovery of attorney's fees under § 7430).
 
 
 17
 More importantly, the plain language of the statute indicates that the relevant position of the United States is its position in a judicial proceeding. It is axiomatic that the United States can have no position in a judicial proceeding until a judicial proceeding actually has been initiated. A judicial proceeding is initiated only upon the filing of a petition or complaint. See Huffman, 978 F.2d at 1145 ("[C]ourts have held that actions taken ... by the IRS prior to initiation of litigation in the Tax Court or the district court are 'non-judicial in nature.' "); see also United States v. Baggot, 463 U.S. 476, 479 (1983) (indicating that an IRS audit and its internal appeal component are not judicial proceedings). Thus, while conduct prior to the initiation of litigation may color a court's determination as to whether the position of the United States was substantially justified, see Huffman, 978 F.2d at 1148 ("Congressional intent behind section 7430 is not served by looking only to the answer to determine whether the government's position in the judicial proceeding was 'substantially justified.' "); Hanson, 975 F.2d at 1152 n. 2 (indicating that the court could review the government's position in the judicial proceeding against the backdrop of administrative actions to determine if the position in litigation was substantially justified), the government's position in the judicial proceeding must be determined with reference only to actions taken after a complaint or petition has been filed.
 
 
 18
 Here, the parties agree that the only action taken by the IRS following the Churches filing of the petitions was to withdraw the subpoenas. Thus, we must conclude that the position of the United States in the judicial proceeding was substantially justified and that the district court's interpretation of the statute was correct.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Churches do cite Kenagy v. United States, 942 F.2d 459 (8th Cir.1991), to support their position. Considering the same version of the statute at issue here, the Kenagy court stated that "[t]he position of the United States is the legal and factual position asserted by it during the administrative and court proceedings, regardless of whether the position originated before or after the proceedings began." Id. at 464. We note, however, that a notice of decision from the Office of Appeals had issued in Kenagy. In addition, Kenagy can be read to support the district court's position as easily as it can be read to advance the Churches' argument. The opinion states that a court should only consider the position of the United States during court proceedings in a case like this one. Thus, we find the Churches' citation to the Kenagy language defining "position of the United States" unpersuasive and wholly inapposite to the resolution of this case
 
 
 [2]
 Under earlier versions of the statute the standard was reasonable not substantially justified. The change, however, is little more than semantic. Subsequent cases have indicated that the substantially justified standard is basically the same as the former reasonable standard. See Huffman, 978 F.2d at 1147 n. 8 (" '[s]ubstantially justified' means 'justified to a degree that could satisfy a reasonable person' ") (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)); Kenagy, 942 F.2d at 464 ("the government's position is not substantially justified where it is unreasonable")