Philip **BERRYMAN**, Plaintiff,

v.

Jerry **HOFBAUER**, Sally **Langley**, James **Hill**, Warren **Hawkins**, Fred **Bland**, Defendants.

Civ. A. No. 90–CV–40207–FL.

United States District Court, E.D. Michigan, Southern Division, Flint.

May 1, 1995.

---

Philip Berryman, Jackson, MI and Daniel E. Manville, Ann Arbor, MI, for plaintiff.

Deborah K. Isom, Asst. Atty. Gen., Corrections Division, Lansing, MI, for defendants.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, Senior District Judge.

Before the Court is defendants' motion for taxation of costs (D.E.# 79) and plaintiff's response. In their motion, defendants seek to tax costs pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. §§ 1920 and 1923(a). In his response, plaintiff opposes defendants' motion for several reasons. Defendants have not filed a reply. The Court will address these issues seriatim.

### I. Timeliness of Motion to Tax Costs

First, plaintiff maintains that defendants' motion should be denied as untimely. Plaintiff relies upon 28 U.S.C. § 2412(d)(1)(B), which provides that "[a] party seeking an award of fees and other expenses shall, *within thirty days of final judgment in the action,* submit to the Court an application for fees and other expenses...." *Id.* (emphasis added). Plaintiff's reliance upon this statute, however, is misplaced. Section 2412 specifically applies to cases in which the United States is a party; thus, it is inapplicable to the present matter.

Rule 54(d), which governs the procedures for a prevailing party's taxation of costs, does not establish a deadline for filing the application. The Court finds that defendants have violated neither statute nor rule with regard to the timeliness of their application to tax costs and that there is no prejudice to plaintiff by the delay in defendants' filing of their request. Therefore, plaintiff's objection to the timeliness of defendants' motion is rejected.

### II. Failure to Seek Concurrence in Motion

Second, plaintiff argues that defendants violated Local Court Rule 7.1(a) by failing to seek concurrence from plaintiff regarding this motion and requests that the Court deny defendants' motion to tax costs on this basis. Defendants, however, indicate in their motion that on May 11, 1994, concurrence in the relief sought was requested of plaintiff's counsel, but was either denied or not acquiesced in. As attested to by counsel, in defendants' motion, the record establishes that defendants did seek concurrence and therefore did not violate the rule. Even if defendants had not sought concurrence and had violated the rule, however, the Court would waive this requirement in this case as obviously plaintiff would not concur—and has

not—in the relief requested. To deny the motion on this technical point would not serve the interests of judicial fairness and economy.

### III. *Taxation of Costs and Fees*

#### A. *Standards and Burden of Proof*

■ Third, plaintiff argues that defendants have failed to show why the documents for which they are requesting taxation of costs were "necessarily obtained." Plaintiff contends that a conclusory statement made by defendants that the costs were necessary is not sufficient to establish that the records were necessarily obtained. The Court agrees with this position.

■ Federal Rule of Civil Procedure 54(d) creates a general presumption allowing the taxation of costs as a matter of course to a prevailing party in federal litigation. *U.S. Industries, Inc. v. Touche Ross & Co.,* 854 F.2d 1223, 1245 (10th Cir.1988); *Voight v. Subaru–Isuzu Automotive, Inc.,* 141 F.R.D. 99, 101 (N.D.Ill.1992), *citing Commercial Credit Equip. Corp. v. Stamps,* 920 F.2d 1361 (7th Cir.1990). Congress has provided for the taxation of certain specific litigation costs, including:

> \* \* \* \* \* \*
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; [and]
>
> \* \* \* \* \* \*
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; ...

28 U.S.C. § 1920. Moreover, attorney fees may be taxed as costs in the amount of:

> $20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases ... [and]
>
> \* \* \* \* \* \*
>
> $5 on motion for judgment....

28 U.S.C. § 1923(a). While the above-enumerated costs are presumed to be taxable, the Court must exercise discretion in assessing costs, only allowing taxation of costs for materials "necessarily obtained for use in the case," 28 U.S.C. § 1920, and in an amount that is reasonable. *Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir.1994); *U.S. Industries,* 854 F.2d at 1245; *Griffith v. Mt. Carmel Medical Center,* 157 F.R.D. 499, 502 (D.Kan.1994); *Voight,* 141 F.R.D. at 101. In seeking costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920. *Griffith,* 157 F.R.D. at 502.

■ In their motion and brief, defendants seek to tax costs for court reporter transcription fees ($306.18), exemplification and copying fees ($96.75), and nominal attorney fees ($5.00).[1] Nowhere do defendants address the necessity of these expenses, as required by 28 U.S.C. § 1920(2) and (4). While the Court finds no error in defendants' original request,[2] by failing to respond to plaintiff's objections, defendants have given the Court no basis to analyze the reasonableness of the request or the necessity of the costs for which taxation is sought.

#### B. *Transcript Fees*

■ In his response brief, plaintiff challenges the necessity of the copying costs and transcription fees sought by defendants. Defendants never responded to this argument. Defendants' original motion and brief do not

---

1. Defendants also argue that they are entitled to a $20.00 attorney fee award "on trial or final hearing," pursuant to 28 U.S.C. § 1923(a). (Defendants' brief at 3–4). While the Court disagrees with defendants' position, *see* discussion *infra* at sec. III.D., defendants have presented the argument without actually seeking the $20.00 amount in their motion. (*See* Defendants' motion at 1–2).

2. Defendants' motion to tax costs is supported by a general affidavit. While the conclusory statement that "... each item of cost or disbursement claimed above is correct and has been necessarily incurred in the above action ..." may be sufficient in support of an unopposed motion to tax costs, such evidence clearly falls short of meeting defendants' burden of proof after the necessity and reasonableness of the costs have been challenged by plaintiff.

even address the necessity of the court reporter fees. Therefore, the Court finds that defendants have failed to meet their burden of proof on the necessity of those costs and taxation of such costs are denied. *See Olga's Kitchen of Hayward, Inc. v. Papo,* 108 F.R.D. 695 (E.D.Mich.1985), *aff'd in part, rev'd in part on other grounds,* 815 F.2d 79 (costs for unidentified transcript without evidence as to its nature or necessity for trial not properly taxable or recoverable).

## C. *Exemplification and Copying Costs*

In requesting costs for exemplification and copying, defendants only identify that the pleadings and exhibits for which defendants seek costs were filed on January 22, 1991, June 18, 1991, August 16, 1993, and September 8, 1993. (Defendants' motion brief at 2–3). Defendants request twenty-five cents per page copied but fail to state or provide support for the necessity or reasonableness of these copying expenses. While defendants have not presented an argument in response to plaintiff's objection, upon review of the record, the Court finds that defendants are entitled in part to the relief requested, as the necessity of certain of the identified pleadings is obvious.

Defendants' motion for dismissal (D.E.# 63, filed August 17, 1993) and their reply brief with respect to that motion (D.E.# 69, filed September 8, 1993) obviously were necessary to defendants' success in this case, as that motion formed the basis of the Court's dismissal of the action. While defendants also have failed to indicate a breakdown of copying costs necessarily incurred for these two pleadings, the number of pages is easily discovered upon review of the pleadings. These two pleadings consist of a total of 12 pages. Accepting defendants' contention that three copies were necessary for filing and service purposes, that brings the number of necessary copies to 36. Multiplied by a *reasonable* cost per page copied (ten cents),[3] the Court finds that defendants are entitled to tax costs of $3.60 for exemplification and copying.

The Court finds that costs related to the other two pleadings identified by defendant are not reasonably sought as their necessity is not apparent and no justification therefor has been presented to the Court. The pleading identified as filed January 22, 1991 (D.E.# 20, filed January 23, 1991) is a motion to set aside a default which was properly entered against defendants by the Clerk of the Court. The pleading identified as filed June 18, 1991 (D.E.# 47, filed June 19, 1991) is a motion to withdraw a supplemental brief previously filed by defendants. Neither of these pleadings were filed in response to any action taken by plaintiff and appear to have been filed as a result of either counsel's error or a change in legal strategy. Costs related to these pleadings may not be taxed against plaintiff.

## D. *Nominal Attorney Fees*

Defendants seek nominal attorney fees in the amount of $5 for their motion to dismiss and $20 on trial or final hearing, pursuant to 28 U.S.C. § 1923(a). As defendants filed a motion for dismissal, which was granted by the Court, defendants are entitled to a $5 fee for that motion. Defendants have not shown their entitlement to a $20 fee for trial or final hearing as disposition of this case did not require either a trial or a hearing of any kind.

In support of their request for attorney fees, defendants rely upon two unpublished cases from this circuit, *Meador–Bey v. Jones*[4] and *McDonald v. Pieron,*[5] as well as a district court decision from the Eastern District of Oklahoma, *Mikel v. Kerr,* 64 F.R.D. 93 (E.D.Okla.1973). Defendants' cur-

---

**3.** Although the Court is not adverse to ordering plaintiff to pay defendants' reasonable copying costs, the twenty-five cents per copy requested by defendants is an excessive and unreasonable amount to charge for in-house copying. As previously held by this Court, the Court finds a rate of ten cents per copy to be more reasonable. Therefore, the Court shall impose costs for copying at the reduced rate of ten cents per copy.

**4.** 989 F.2d 500 (Table) (6th Cir.1993), *cited as:* No. 92–2379, 1993 US App Lexis 6160 (CA 6, 1993).

**5.** No. 92–CV–73264–DT (E.D.Mich., August 26, 1993).

346

sory argument is unpersuasive and the cases relied upon do not provide sufficient support.

In *Mikel,* the district court granted the defendants' motion to tax costs following entry of summary judgment for the defendants. In that case, the district court allowed the taxing of costs in the amount of twenty dollars for a final hearing which was held regarding the summary judgment motion. In the present matter, however, no hearing was held. While defendants are entitled to tax costs in the amount of five dollars for preparation of their summary judgment motion, upon which judgment was entered for defendants, 28 U.S.C. § 1923(a), to allow defendants to tax costs for a trial or final hearing that did not take place would constitute an award of twenty dollars merely for being the prevailing party. Such an award is not contemplated by the statute and, therefore, the Court will not allow defendants to tax costs for a trial or final hearing under 28 U.S.C. § 1923(a).

■■■ *Meador–Bey* appears in the Federal Reporter only as a table decision. As an unpublished opinion, reliance thereon is disfavored, and defendants' failure to provide a copy with their motion and brief bars defendants' use of that case before this Court. 6th Cir. LR 10(f). Moreover, even if the Court were to consider this unpublished opinion, it is not clear from the decision whether there was a hearing in that case. *See* 989 F.2d 500 (6th Cir. (Mich.)). Furthermore, defendants' failure to provide a copy of the unpublished district court opinion in *McDonald* likewise precludes the Court's consideration of that case.[6] Absent a clear pronouncement from some higher court that the language of § 1923(a) allowing attorney fees "on trial or final hearing" applies to dismissal upon summary judgment without hearing, this Court will not allow such an award. Pursuant to § 1923(a), the Court shall impose attorney fees in the amount of $5.00 for defendants' motion for summary judgment.

IV. *Taxing Costs of Indigent Party*

■■■ Finally, plaintiff argues that the Court should deny defendants' motion to tax costs due to plaintiff's indigency. As noted by defendants, however, Fed.R.Civ.P. 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs ..." and that "[t]he plaintiff's indigency does not prevent the taxation of costs against him." *Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir.1989). Moreover, this Court may "assess reasonable costs ... [as authorized by legislation] ... against unsuccessful *in forma pauperis* plaintiffs even if their claims are not deemed frivolous, malicious, or vexations." *Weaver v. Toombs,* 948 F.2d 1004, 1014 (6th Cir.1991). Of course, plaintiff may challenge taxation of costs by showing himself incapable of paying such costs. *Id.*

■■■ In making this argument, plaintiff alleges that defendants' attorney has "withheld from this very court, records which are within the knowledge of said attorney which is the 'prisoner's account statement showing that plaintiff is unable to pay any of the costs'" and that this shows that the motion has been filed in bad faith. It is plaintiff's position that defendants must present as evidence plaintiff's prisoner's account statement and show that plaintiff is able to pay the amount sought to be taxed. The Court finds this argument to be without merit as it is plaintiff's burden of proof to show that he is unable to pay costs, not defendants' burden to establish plaintiff's solvency.

■■■ It should be noted that even if plaintiff provides proof of his inability to pay, this finding would not require the Court to deny defendants' motion to tax costs. Even assuming plaintiff's indigency, such a fact is not dispositive, but rather only a factor for the Court's consideration in review of this motion. Even if plaintiff is unable presently to pay the costs taxed against him herein, Michigan Department of Corrections Policy Directive PD–DWA–20.01 provides for a reasonable method of withdrawing funds as they become available to recover the costs now

---

**6.** Not only does defendants' failure to provide a copy of the case run afoul of Sixth Circuit Rule 10(f), it also makes this Court's review of the case impossible. Therefore, the Court cannot give the case any weight in consideration of this issue.

assessed.[7]  Therefore, despite consideration of plaintiff's claim of indigency, because the costs found to be necessary and reasonable are extremely slight, the Court finds it appropriate to assess costs in this action.

### V.  *Disposition*

For the foregoing reasons, defendants' motion to tax costs (D.E.# 79) is GRANTED IN PART and DENIED IN PART.  Defendants may tax costs for necessary exemplification and copying fees in the amount of $3.60.  Defendants may tax costs for attorney fees on a motion for judgment in the amount of $5.00.  The Court will enter a separate order taxing costs in the total amount of $8.60.

SO ORDERED.

---

7.  In this case, given plaintiff's indigency—as evident from the Court file—the Court shall enforce PD–DWA–20.01 at the reduced rate of 10%.  *See*

Order taxing costs, entered in conjunction with this order.