Lucas LUCARELLI and Ada
Rivera, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civil No. 94–2124 (PG).

United States District Court,
D. Puerto Rico.

Oct. 30, 1996.

Plinio Pérez–Marrero, Hato Rey, PR, for
Plaintiffs.

Fidel A. Sevillano–Del–Río, Asst. U.S.
Atty., Hato Rey, PR, for Defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Plaintiffs, who prevailed in their Federal
Tort Claims Act ("FTCA") action, move the
Court to award prejudgment interest, attorney's fees, and court costs pursuant to the
Equal Access to Justice Act ("EAJA"), 28
U.S.C. § 2412 (1994).

### 1. Prejudgment Interest

■ This request must be denied, as the
FTCA expressly prohibits the award of prejudgment interest. 28 U.S.C. § 2674 (1994);
*Library of Congress v. Shaw*, 478 U.S. 310,
318 n. 6, 106 S.Ct. 2957, 2963 n. 6, 92 L.Ed.2d
250 (1986); *FDIC v. James T. Barnes of
Puerto Rico, Inc.*, 834 F.Supp. 543, 548
(D.P.R.1993).

### 2. Attorney's Fees

The issue of attorney's fees is somewhat
more complex and is misapprehended by
both Plaintiffs and Defendant. Plaintiffs argue that the EAJA permits attorney's fees to
be awarded "to the same extent that such
awards may be made against private parties"
and that they must be awarded unless the
government has been "substantially justified"
in resisting the action. Defendant contends
that the tort exception to the EAJA, 28
U.S.C. § 2412(d)(1)(A), precludes attorney's
fees in this case except as specifically allowed
under the FTCA. On Defendant's reading,
§ 2678 of the FTCA provides for attorney's

fees, but caps them at 25 percent of a court judgment or settlement.

▪■ Defendant misconstrues § 2678 to its own detriment. The FTCA does not provide for awarding attorney's fees to a prevailing party. Section 2678 merely limits the amount an attorney may charge a client to 25 percent of a court settlement or judgment. *Campbell v. United States*, 835 F.2d 193, 196 (9th Cir.1987); *Joe v. United States*, 772 F.2d 1535, 1536–37 (11th Cir.1985). Defendant also overlooks § 2412(b) of the EAJA, and Plaintiff conflates that section with § 2412(d)(1)(A).

■ The EAJA contains two provisions for awarding attorney's fees, § 2412(b) and § 2412(d)(1)(A). Section 2412(b) is permissive; it says a court **"may** award reasonable fees and expenses of attorneys ... to the prevailing party in any civil action brought ... against the United States...." and that "the United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b) (1994) (emphasis supplied). Section 2412(d)(1)(A), on the other hand, is mandatory; it provides that

> [e]xcept as otherwise specifically provided by statute, a court **shall** award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) ... brought ... against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (1994) (emphasis supplied). Although some courts, without discussing § 2412(b), have denied attorney's fees based on the reasoning that § 2412(d)(1)(A) precludes such an award in tort cases, *see In re Turner*, 14 F.3d 637, 640 (D.C.Cir.1994); *Campbell*, 835 F.2d at 196, we agree with the Eastern District of Pennsylvania that by the terms of § 2412, the tort exception applies only to the **mandatory** award of attorney's fees. *Keller v. Dalton*, No. CIV.A. 95–CV–712, 1995 WL 552978 at *2 (E.D.Pa. Sept. 18, 1995). Section 2412(b), in contrast, contains no such exception. Consequently, this case falls under § 2412(b), and the "substantial justification" standard, discussed by Plaintiffs in their memorandum of authorities, is irrelevant here because it applies only under § 2412(d)(1)(A).

As noted above, under § 2412(b), the United States may be held liable for attorney's fees to the same extent that private parties would be under the common law or the terms of a statute providing for such fees. Having established that the FTCA does not provide for attorney's fees, we turn to the common law.

The common law standard applicable under § 2412(b) is a federal standard. *Resolution Trust Corp. v. Eason*, 17 F.3d 1126, 1134 n. 6 (8th Cir.1993) (citing *Olson v. Norman*, 830 F.2d 811, 822 (8th Cir.1987)); *see United States v. Parsons Corp.*, 1 F.3d 944, 946–47 (9th Cir.1993). The exceptions recognized by the federal courts to the "American Rule" that each party bears its own litigation costs include the "common benefit" or "common fund" exception, an exception for willful disobedience of a court order, and an exception for acting bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers v. NASCO*, 501 U.S. 32, 44, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257–59, 95 S.Ct. 1612, 1621–23, 44 L.Ed.2d 141 (1975)). The only one of these that is potentially applicable to this case is the bad faith exception.

■ The Court cannot ascribe bad faith to the government in litigating this case. Fee-shifting is a power that "should be used sparingly and reserved for egregious circumstances." *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir.1993). While the government was found to be negligent, there was a genuine question of plaintiff Lucarelli's comparative negligence that the government was justified in pursuing. Indeed, the Court ultimately found Plaintiff to be five percent negligent. A small amount, perhaps, but more than enough to defeat an allegation of bad faith.

### 3. Court Costs

The issue of court costs is referred to the Clerk of the Court pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Rule 331 of the Local Rules of the District of Puerto Rico.

For the foregoing reasons, Plaintiffs' motion for prejudgment interest and attorney's fees is **DENIED.** The motion requesting court costs is **REFERRED** to the Clerk of the Court.

**IT IS SO ORDERED.**