**Karen EPLING and Robert Epling, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 3:94CV–703–W.**

United States District Court, W.D. Kentucky.

March 31, 1997.

H. Scott Bates, Morgan, Collins & Gilbert, Orlando, FL, for Karen Epling, Robert Epling.

Bradley Royal Hume, Boehl, Stopher & Graves, Louisville, KY, for the Paradign Ins. Co.

James H. Barr, III, Asst. U.S. Atty., United States Attorney's Office, Louisville, KY, for the U.S. of America, through the Dept. of the Army.

## MEMORANDUM

WISEMAN, Senior District Judge, sitting by designation.

### I. Introduction

Before the Court is plaintiffs' motion to tax costs against the government in the above-entitled action. By order of this Court entered January 9, 1997, (Docket Entry No. 1 58), plaintiffs Karen and Robert Epling, husband and wife, were awarded judgment and $201,000 in damages as to their medical malpractice and loss of consortium actions against the United States of America. These claims had been brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80.

As the prevailing parties, plaintiffs now move the Court, under Fed.R.Civ.P. 54(d)(1), to tax costs against the government in the amount of $38,268.53. For the reasons set forth below, plaintiffs' motion is DENIED, yet they are granted leave to supplement their petition for trial costs in accordance with this memorandum and to resubmit their amended motion for the consideration of the Court. Although plaintiffs' motion is timely filed and contains an itemization of costs that they seek to have assessed against the United States, they have failed to argue—and the government has failed to contest—how these expenses fall within the waiver of sovereign immunity for litigation costs set forth in 28 U.S.C. § 1920. There is a large and diverse body of case law interpreting this statute that the parties have yet to address. Accordingly, the instant motion is not ripe for review by the Court.

### II. Plaintiffs' Motion for Extension of Time

As a preliminary matter, the Court DENIES as moot plaintiffs' motion for an extension of time within which to file their motion to tax costs. Plaintiffs initially filed a motion for costs on February 13, 1997. In response, the government has argued in essence that plaintiffs' motion was untimely filed under the thirty day period after entry of judgment provided in Rule 14(b) of the Joint Local Rules of the United States District Courts for the Eastern and Western Districts of

Kentucky. On February 24, 1997, plaintiffs filed a motion for extension of time, which the government again opposed by citing Local Rule 14.

As the parties should be aware, a merely cursory reference to the local rules of this court reveals that Local Rule 14 was deleted by court order over two years ago, in January 1995. For judgments entered after this time, the thirty day limitation within which to file a motion for costs provided in what was formerly Local Rule 14(b) has no application. Accordingly, plaintiffs' motion for an extension of time is unnecessary, yet for purposes of docketing it is DENIED.

### III. Legal Analysis

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, the prevailing party in an FTCA action may move for costs, exclusive of attorneys' fees, but only to the extent authorized by statute. *See* Fed.R.Civ.P. 54(d)(1) ("[C]osts against the United States, its officers, and agencies shall be imposed only to the extent permitted by law."). This provision, although dismissive of the discretion normally accorded district courts under Rule 54(d), is merely declarative of the fact that, due to the sovereign immunity doctrine, the United States must consent before it may be held liable for the payment of costs. 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2672, at 235 (2d ed.1983). "Accordingly, express statutory authorization must be found before costs will be assessed against the federal government." *Id.*

Congress has waived the sovereign immunity of the federal government in relation to the taxation of costs in 28 U.S.C. § 2412(a). It provides:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court

having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

28 U.S.C. § 2412(a). The Equal Access to Justice Act ("EAJA"), of which 28 U.S.C. § 2412(a) is a part, substantially abrogated the sovereign immunity of the United States with respect to the awarding of attorneys' fees and "other expenses" to parties who have prevailed in their claims against the United States. Pub.L. No. 96–481, tit. II §§ 201–08, 94 Stat. 2325 (1980) (codified as amended at 28 U.S.C. § 2412). EAJA draws a distinction, albeit an implicit one, between a motion to tax costs and a motion for attorneys' fees and expenses. This distinction is of critical importance to the disposition of the instant motion.

While the movant seeking to tax costs is referred to 28 U.S.C. § 1920 by § 2412(a), prevailing parties that seek reimbursement of attorneys' fees and expenses under § 2412(b) must first comply with certain procedural prerequisites set out in § 2412(d). These include the timely filing, within thirty days after final judgment, of an itemized statement detailing the actual time expended by counsel and/or expert witnesses and the rate at which their fees are calculated. 28 U.S.C. § 2412(d)(1)(B). Prevailing parties must also allege that the position of the United States was not "substantially justified" and should offer arguments that their conduct during the course of proceedings did not unduly and unreasonably delay final resolution of their claims. *Id.* at § 2412(d)(1)(B), (C).

Although the government has mistakenly couched its objection to plaintiffs' motion in the provisions of now-deleted Local Rule 14, the Court finds that the United States is equally disabled in attempting to label plaintiffs' motion time-barred or insufficiently detailed under 28 U.S.C. § 2412(d)(1)(B). EAJA's thirty day time period within which a motion for fees and expenses must be filed[1] and its requirement

---

**1.** The thirty day period set out in 28 U.S.C. § 2412(d)(1)(B) has been held to be jurisdictional in nature. *See, e.g., Clifton v. Heckler,* 755 F.2d 1138, 1144–45 (5th Cir.1985); *Action on Smok-*

that prevailing parties claim insubstantial justification on the part of the government—both found in 28 U.S.C. § 2412(d)(1)(B)—have no application to plaintiffs' petition to tax costs against the government. While it is beyond dispute that plaintiffs' motion was filed in excess of thirty days after entry of judgment [2] and failed to include an allegation that the government's position was not substantially justified, a close reading of the EAJA statute (as well as its legislative history) reveals that a motion for costs is distinguishable from a motion for fees and expenses, and only the latter is subject to the procedural hurdles set forth in § 2412(d)(1)(B).

First, plaintiffs' motion is assuredly—and solely—one for costs because this is all that Rule 54(d)(1) allows. Plaintiffs' motion, (Docket Entry No. 159), is captioned as one for costs and references Rule 54(d)(1) as its authorizing provision. Rule 54(d)(1) is itself captioned "Costs Other than Attorneys' Fees" and includes in relevant part that, "Except when express provision therefor is made either in a statute of the United States or in these rules, costs *other than attorneys' fees* shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1) (emphasis added). Plaintiffs' motion is therefore at least nominally exclusive of attorneys' fees and expenses which would fall within the scope of EAJA's procedural and pleading obligations.

Second, as is apparent from its legislative history, EAJA's allowance of attorneys' fees and expenses in actions against the United States was intended in part to respond to the Supreme Court's decision in *Alyeska Pipeline Serv. v. Wilderness Society*, 421 U.S. 240, 263–69, 95 S.Ct. 1612, 1625–27, 44 L.Ed.2d 141 (1975), limiting the inherent power of the courts to award attorneys' fees when the prevailing litigant has acted as a private attorney general. *See* H.R.Rep. No. 96–1418, at 6–8 (1980) (relating the chronology of congressional action leading up to the drafting of EAJA), *reprinted in* 1980 U.S.C.C.A.N. 4953, 4985. At the time, 28 U.S.C. § 2412 contained a single provision, enacted in 1966, permitting the trial court to award only costs to the prevailing party in any civil action brought by or against the United States. Pub.L. No. 89–507, Sec. 1, 80 Stat. 308 (1966). By its terms, the statute itself "negated the possibility that it provided a source of authority for the discretionary award of attorneys' fees." 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2672, at 238–39. EAJA's provisions governing the granting of fees and expenses in civil actions against the United States, codified at 28 U.S.C. § 2412(b) and (d), were thus intended to be supplemental in nature. That is, they are designed to render the federal government subject to the same fee-shifting and cost-shifting standards applicable to private litigants. H.R.Rep. No. 96–1418, at 8–10. The amendments to § 2412 enacted in 1980 did not displace the traditional authority of the district court to order the payment of costs by the government. Rather, EAJA's codification endowed the courts with new discretion to award attorneys' fees and expenses [3] in addition to a judgment for costs.

---

*ing & Health v. Civil Aeronautics Board,* 724 F.2d 211, 225–26 (D.C.Cir.1984); *Columbia Manufacturing Corp. v. NLRB,* 715 F.2d 1409, 1410 (9th Cir.1983) (per curiam); *Monark Boat Co. v. NLRB,* 708 F.2d 1322, 1326–27 (8th Cir.1983). That is, as opposed to a statute of limitations, it is not subject to waiver, estoppel or equitable tolling. Therefore, a default in filing an application for fees and expenses within thirty days deprives the reviewing court of subject matter jurisdiction to grant or deny the motion. *Clifton,* 755 F.2d at 1144–45.

2. It was also filed more than thirty-three days after final judgment, or thirty days plus the three days added by Fed.R.Civ.P. 6(e) when service of a judgment order is effected by mail.

3. Under the "American rule," each party is responsible for its own attorneys' fees and expenses incurred during the course of litigation. The rule has both common law and statutory exceptions. A court may award fees at common law when an adversary has pursued claims in bad faith or when a party's prosecution of a claim has resulted in the creation or preservation of a fund of assets available to a class of claimants. H.R.Rep. No. 96–1418, at 8. Examples of statutory fee-shifting provisions abound in the United States Code. *See id.* (providing statutory citations); *Alyeska Pipeline,* 421 U.S. at 261–62 n. 35, 95 S.Ct. at 1624 n. 35 (same).

EAJA makes the federal government subject to the same common law and statutory exceptions to the American rule applicable to private liti-

The current language of 28 U.S.C. § 2412—clearly distinguishing between fees and costs—evidences the duality of the court powers effected by EAJA. Subsection (a), largely unchanged over time, directs that a motion for costs may be awarded in accordance with 28 U.S.C. § 1920, but that such motions must be exclusive of attorneys' fees and expenses. 28 U.S.C. § 2412(a). Subsection (b) vests the district court with discretion to award the reasonable fees and expenses of attorneys *"in addition to* the costs which may be awarded pursuant to subsection (a)." *Id.* at § 2412(b) (emphasis added). Finally, in subdivision (1) of subsection (d), the trial court is obligated to award attorneys' fees and expenses, bracketing those costs which may be shifted under subsection (a), unless the court finds substantial justification for the government's position or that special circumstances preclude such an award. *See id.* at § 2412(d)(1)(A) ("[A] court shall award to a prevailing party other than the United States fees and other expenses, *in addition to* any costs awarded pursuant to subsection (a), . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.") (emphasis supplied). Thus, each of the principal provisions of § 2412 draws a distinction between litigation costs and the fees and expenses associated with the retention of counsel. Only an application for the latter [4] need be filed within thirty days and allege insubstantial justification, for § 2412(d)(1)(B) begins by stating that its procedural and pleading requirements apply only to "[a] party seeking an award of fees and other expenses. . . ." In the context of § 2412, such a reference affirmatively excludes a motion for costs from the reach of § 2412(d)(1)(B).

In terms of the instant motion, then, it is apparent—and the Court so holds—that as a motion for costs it is properly subject solely to the allowances for costs against the government set forth in 28 U.S.C. § 1920. 28 U.S.C. § 2412(a). The opinion of this Court that the procedural and pleading prerequisites of § 2412(d)(1)(B) are inapplicable to a motion for costs is bolstered by the conclusion of the Ninth Circuit Court of Appeals in *Campbell v. United States*, 835 F.2d 193 (9th Cir.1987), that a petition for fees and expenses arising from the successful prosecution of an FTCA action is beyond the scope of EAJA. *Id.* at 196. EAJA's waiver of sovereign immunity for attorneys' fees where the position of the government is not substantially justified expressly excludes tort actions against the United States. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action (*other than cases sounding in tort*) . . . .") (emphasis supplied). As stated by the *Campbell* court, "Tort actions were specifically excluded from the EAJA because Congress believed the legal remedies available in tort cases were adequate in diminishing [the] deterrent effect [of litigating against the government]." *Campbell,* 835 F.2d at 196 (citing H.R. Conf. Rep. No. 96–1434, at 25, *reprinted in* 1980 U.S.C.C.A.N. 5003, 5014). Further, "The Federal Tort Claims Act recognizes that attorneys' fees in tort actions are often paid through contingent fee arrangements, and limits those fees to a percentage of the settlement or judgment amount." *Id.* (citing 28 U.S.C. § 2678).[5] Accordingly, because EAJA does

gants generally. *See* 28 U.S.C. § 2412(b) ("The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award."). It also contains a catch-all statutory exception when the prevailing party establishes that the position of the government was not substantially justified. *Id.* at § 2412(d)(1)(A).

**4.** Presuming that a common law or other express statutory exception does not control.

**5.** 28 U.S.C. § 2678 currently provides in pertinent part:

No attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment rendered pursuant to section 1346(b) of this title or any settlement made pursuant to section 2677 of this title, or in excess of 20 per centum of any award, compromise, or settlement made pursuant to section 2672 of this title.

These limits are enforced by the allowance of sanctions against noncomplying attorneys. *See* 28 U.S.C. § 2678 (fine of not more than $2,000 and/or imprisonment for not more than one year).

not waive the sovereign immunity of the United States with respect to the fees and expenses incurred in FTCA actions, the limitations of § 2412(d)(1)(B) would have neither relevance nor application to the instant motion even if it were construed as an application for fees.

■ It follows, therefore, that pursuant to § 2412(a) the prevailing FTCA claimant is left with the waiver of sovereign immunity as to costs under 28 U.S.C. § 1920 that has been a traditional component of § 2412 since its inception. *See generally* 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2672, at 236 (noting that, prior to 1966, § 2412 contained an express provision shifting costs in FTCA actions); *Wax v. United States,* 183 F.Supp. 163, 164 (E.D.N.Y.1960) (quoting the cost-shifting language of 28 U.S.C. § 2412(c)). Plaintiffs' motion in this matter seeks payment of six categories of costs by the government: expert witness costs; deposition costs; travel and lodging costs; telephone, postage and copying costs; trial exhibit costs; and other miscellaneous costs. Whether these litigation expenses are indeed "costs" for purposes of § 1920 is of dispositive importance. If they fall outside the scope of § 1920, federal law mandates that the United States may not be held accountable because it retains sovereign immunity as to the fees and expenses for claims sounding in tort. 28 U.S.C. § 2412(d)(1)(A); *Campbell,* 835 F.2d at 196.

■ Title 28, United States Code, section 1920 reads in relevant part as follows:

A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Plaintiffs have failed to cite § 1920 or otherwise argue how the costs for which they seek reimbursement may be assessed against the United States. As an express statutory waiver of immunity, § 1920 must be narrowly construed. *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685–86, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983); *Action on Smoking & Health,* 724 F.2d at 225. In determining what elements of plaintiffs' petition for costs are appropriate, care must be taken not to enlarge the waiver of immunity found in § 1920 "beyond what a fair reading of the language of the section requires." *Ruckelshaus,* 463 U.S. at 686, 103 S.Ct. at 3278.

■ The memoranda of law which would normally assist the Court in this task have yet to be prepared by the parties. In particular, § 1920 requires the Court to distinguish and award only those costs "reasonably necessary to the litigation," *Pion v. Liberty Dairy Co.,* 922 F.Supp. 48, 54 (W.D.Mich. 1996), and to explain how these expenses are both "reasonable" and "necessary." *Berryman v. Hofbauer,* 161 F.R.D. 341, 344–45 (E.D.Mich.1995). The prevailing party that seeks taxation of costs under Rule 54(d) bears "the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law," *id.* at 344, yet plaintiffs have ignored this burden based upon the materials presently before the Court. Consistent with the discretion of the district courts to award costs under Rule 54(d)(1), however, this Court will afford plaintiffs the opportunity to amend and clarify their motion by invoking § 1920 and situating their claims within the appropriate decisional law. The government will of course be given an opportunity to respond in accordance with the rules.

An order consistent with this memorandum shall enter.

### ORDER

For the reasons stated in the accompanying memorandum entered contemporaneously herewith, plaintiffs' motion to tax costs against the government pursuant to Fed. R.Civ.P. 54(d)(1) is hereby DENIED, yet they are granted leave to revise their petition

for trial costs in accordance with 28 U.S.C. § 1920 and to resubmit their amended motion for the consideration of the Court. The United States shall have the opportunity to respond in accordance with the Federal Rules of Civil Procedure.

Plaintiffs' motion for an extension of time within which to file their motion is DENIED as moot, for Rule 54(d)(1) does not contain a limitations period for motions thereunder.

It is so ORDERED.